This is a workmen's compensation case.
The employee sued his employer to recover workmen's compensation benefits. After an ore tenus hearing, the trial court entered a judgment for the employee finding him to be permanently and totally disabled and awarded benefits accordingly. Thereafter, the employer filed a motion for new trial which was denied. The employer now appeals to this court by certiorari. Finding no reversible error in the action taken by the trial court, we affirm.
On appeal, able and distinguished counsel for the employer contends that (1) the medical testimony does not support a finding that the employee is totally and permanently disabled and (2) the trial court committed reversible error in failing to make a specific finding concerning the retrainability of employee for gainful employment.
The record reveals the following pertinent facts: The employee was an auto and truck mechanic and had been so employed in that occupation for approximately forty years. The employee began working for the employer in October of 1978. His duties were that of a general mechanic. On *Page 1078 
January 17, 1979, while working on the brakes of a Frito-Lay truck at the direction of his employer, the employee suffered a severe injury when a wheel fell off the truck and onto him causing him to strain or sprain his back. The evidence indicates, and the employee so testified, that he informed his employer that day that he had hurt his back and requested that he be allowed to go home and do something for it. The next morning the employee could not get out of bed without assistance. Since the date of the accident, the employee has worked approximately one-half day but has done no other work. The evidence in the record indicates that the employee requires almost constant assistance; that he can no longer perform any of his normal activities; and that he suffers from a great deal of pain as a result of his injury. The employee has seen several doctors for diagnosis and treatment of his injury, some at the request of the employer. None have been able to help him. The employee takes prescribed medication daily to ease the pain and spends several hours daily in a traction device. The employee also wears an electrical device which sends electrical currents into his back muscles and provides him some relief.
We are aware that the record contains conflicting testimony concerning the degree of disability suffered by the employee. However, it is the duty of the trial court to make some determination as to disability. In making that determination, it is not bound by expert medical testimony. The trial court must consider all the evidence, including its own observation, and interpret it to its own best judgment. Albertville NursingHome v. Upton, 383 So.2d 544 (Ala.Civ.App. 1980). Where evidence, expert testimony or otherwise, is in conflict, the weight to be given that evidence is a question for the trial court. Albertville Nursing Home v. Upton, supra. In any event, this court will not look to the weight of the evidence but will only look to see if there is any legal evidence to support the findings of the trial court. Jasper Community Hospital v. Hyde,397 So.2d 153 (Ala.Civ.App. 1981). In the instant case, there is ample evidence from which the trial court could find that the employee suffered a severe back strain or sprain which rendered him unable to work and caused him to be permanently and totally disabled.
Furthermore, while the trial court did not specifically find that Hogan could not be retrained for gainful employment, this court finds that implicit in its conclusion that Hogan was permanently and totally disabled is the finding that he could not be retrained. That finding of fact, however, must be supported by some evidence. Thompson and Co. Contractors v.Cole, 391 So.2d 1042 (Ala.Civ.App. 1980). Hogan was approximately fifty-one years old at the time of the accident. He had been employed as a mechanic for more than forty years. As a result of his injury he can no longer perform normal daily activities. His attempt to return to work was unsuccessful. He experiences severe pain during normal movement and he requires constant attention. We therefore find there is more than sufficient evidence to support an implied finding that Hogan cannot be retrained for gainful employment.
In view of the above, our review of the record establishes that the judgment is supported by some evidence and, hence, we find no error.
The judgment is affirmed.
AFFIRMED.
WRIGHT, P.J., and BRADLEY, J., concur. *Page 1079