This is a workmen's compensation case.
The employee sustained an injury to his left ankle during the course of his employment. *Page 959 
Following a hearing the trial court found that the employee's injury to his left ankle resulted in a permanent partial disability, not a permanent total disability. The trial court then awarded him compensation based on the partial disability.
The employee, through able counsel, appeals. We affirm.
The dispositive issue is whether there is any legal evidence to support the trial court's finding that the employee suffered only a permanent partial disability. Put another way, the employee contends that he suffered a permanent total disability.
Initially, we note that this case is before this court on certiorari. Ala. Code (1975), § 25-5-81(d). Our review is thus limited to questions of law and to an examination of the evidence to determine if there is any legal evidence to support the findings of the trial court. If there is any legal evidence that supports the findings, this court will affirm. Lowe v.Walters, 491 So.2d 962 (Ala.Civ.App. 1986).
Under this narrow standard of review, we find that there is evidence to support the conclusion that the employee suffered only a permanent partial disability as opposed to a permanent total disability.
The record reveals that the employee's left ankle was injured as a result of an on-the-job injury. Dr. Owen, an orthopedic surgeon, testified that the employee incurred a thirty percent permanent disability to the left lower extremity as a result of the accident. Nevertheless, Dr. Owen testified that the employee is not physically helpless and is ambulatory. Dr. Owen opined that, although the employee was not able to return to his job in the physical labor field, there was no reason that he could not be engaged in an activity that requires him to use his upper extremities as well as his right lower extremity.
Two vocational experts also testified concerning the employee. Both concluded that the employee was "employable" and could in fact obtain employment if he was so motivated and inclined.
The evidence indicates that the employee can get around with a cane and even takes fishing trips on occasion. The employee's wife testified that while on fishing trips the employee uses a cane to climb down the river bank and get in and out of the fishing boat.
The evidence further shows that the employee weighs approximately 450 pounds. Dr. Frechette, one of the employee's own doctors, testified that obesity slows down the healing process of a limb. Both Dr. Frechette and Dr. Owen stated that the employee's obesity is a circumstance that can be improved and reduced to benefit the employee in his recovery, as well as his general health. The evidence further shows, however, that the employee has not lost weight, but, instead, has continually gained weight since the accident.
The test for permanent total disability is the inability to perform one's trade or to obtain reasonably gainful employment.Blue Bell, Inc. v. Nichols, 479 So.2d 1264 (Ala.Civ.App. 1985). As set out above, all of the experts agree that the employee has the capacity and ability to be engaged in employment of a sedentary nature. Therefore, there is competent evidence to sustain the trial court's findings of only a permanent partial disability as opposed to a permanent total disability.
The employee, in addition to the dispositive issue, contends that the trial court's judgment is due to be reversed because it does not comply with the requirements of Ala. Code (1975), § 25-5-88, that it set forth findings of fact and conclusions of law. We disagree.
This court has held on numerous occasions that substantial compliance with § 25-5-88 is sufficient. Littleton v. GoldKist, Inc., 480 So.2d 1236 (Ala.Civ.App. 1985). Moreover, even if the trial court's findings are merely meager or omissive, this court may refer to the record to determine if the judgment should be upheld. Littleton, 480 So.2d at 1238. At a minimum the trial court's judgment was meager or omissive, and our review of the evidence reveals that the judgment is due to be sustained. *Page 960 
This case is due to be affirmed.
AFFIRMED.
WRIGHT, P.J., and BRADLEY, J., concur.