BRADLEY, Presiding Judge.
This is a workmen’s compensation case.
The employee, Joseph Cole, was employed as a boilermaker by Flame Refractories, Inc. (Flame) on February 2,1986 when he fell and injured his knee on the job. On April 7, 1987 Cole filed a complaint for workmen’s compensation benefits. Flame answered and alleged, among other things, that Cole had received all the workmen’s compensation benefits to which he was entitled and, further, that Cole was not entitled to any future compensation due to his unreasonable refusal to undergo prescribed medical treatment.
Flame subsequently requested summary judgment, which was denied. The case was then tried before a Washington County Circuit Court judge.
Following the presentation of all the evidence, the court entered its final judgment, which found, among other things, that Cole’s knee injury was work-related; that his job experience and job skills were limited to types of employment involving heavy physical manual labor; that his refusal to undergo proposed medical treatment was not unreasonable; that the success of the proposed treatment was not reasonably certain to remove or modify Cole’s disability; and that the treatment was not danger-free.
The court further found that Cole was permanently and totally disabled from working as a boilermaker; that he was unable to obtain or be retrained for gainful employment; that Cole was entitled to receive workmen’s compensation benefits pursuant to Alabama’s workmen’s compensation statute.
Pursuant to its judgment, the court awarded Cole’s attorney an attorney’s fee equalling, but not exceeding, “fifteen percent of the judgment to be paid in full and in lump sum by the defendant from the backend of the compensation benefits award.”
Flame appeals asserting: (1) Cole unreasonably refused proposed surgery for the knee injury and his refusal disqualifies him from benefits during the refusal period and precludes a finding of permanent and total disability; (2) no competent legal evidence exists to support the trial court’s finding that Cole is unable to seek, obtain, or be retrained for gainful employment or that he is permanently and totally disabled; and (3) the lump-sum attorney’s fee award was improper in that it should have been reduced to present value and should have credited Flame for the fee — not out of the back end of the award, but out of Cole’s weekly benefits.
In workmen’s compensation cases, our review is limited to questions of law and an examination of the evidence for the purpose of determining whether any legal evidence exists to support the trial court’s findings. Lewis G. Reed & Sons, Inc. v. Wimbley, 533 So.2d 628 (Ala.Civ.App.1988). If our inquiry reveals the existence of any such legal evidence, then we are bound to affirm. Wimbley.
Initially, we resolve the issue of whether Cole’s refusal to undergo proposed surgery was reasonable. Pursuant to section 25-5-77(b), Code 1975:
“If the injured employee refuses to comply with any reasonable request for examination, or refuses to accept the medical service or physical rehabilitation which the employer elects to furnish under the provisions of this chapter, his right to compensation shall be suspended and no compensation shall be payable for the period of such refusal.”
Flame maintains that Cole’s refusal to undergo surgery is unreasonable and, consequently, that Flame is absolved of its responsibility to pay workmen’s compensation benefits. We note that an employee may not refuse treatment solely due to subjective fear. Scott v. Alabama Ma *1064 chinery & Supply Co., 52 Ala.App. 459, 294 So.2d 160 (Ala.Civ.App.1974). However, the employee’s right to benefits is not terminated by section 25-5-77(b), Code 1975, unless (1) a reasonable expectation exists that the employee’s condition will improve due to treatment and (2) the proposed treatment is reasonably danger-free. Scott.
The trial court found that Cole’s refusal to submit to surgery was not unreasonable. We agree.
Evidence was presented which indicated that with this type of knee injury the proposed reparative effect of surgery was only short term. Testimony indicated that surgery might not result in Cole’s being able to return to work. In fact, the doctor testified that Cole’s pain and disability rating might be worse following surgery.
Cole’s age further reduced the chances that the cartilage would repair due to surgery, and his high blood pressure made the surgery not totally risk-free. In view of these facts, Cole’s doctor testified it was reasonable for Cole to decline surgery. The trial court agreed.
Whether a proposed course of medical treatment is reasonable is a question for the trier of fact. Scott. We recognize that other evidence was presented which indicated Cole’s refusal to undergo surgery was due to subjective fear. Nonetheless, the standard of review in workmen’s compensation cases is limited, and we are satisfied that legal evidence supports the trial court’s determination that a refusal was not unreasonable. Wimbley.
Flame next maintains that no legal evidence supports the court’s determination that Cole is unable to seek, obtain, or be retrained for gainful employment or that he is permanently and totally disabled.
We disagree.
Permanent and total disability is an inability to perform one’s trade or to secure gainful employment. Wimbley; Bradley v. Nelson, 507 So.2d 958 (Ala.Civ.App.1987). Further, an employee’s percentage of physical impairment is not equivalent to his percentage of disability. Wimbley. If we determine there is any evidence to support the court’s findings on the question of disability, we must affirm. Bradley.
The record reveals the following. Cole was forty-eight years old at the time of trial. He quit high school in the eleventh grade and never graduated or obtained a G.E.D. An examination of his employment record reflects a history of jobs involving heavy manual labor. At the time of trial, Cole had been employed as a boilermaker for twenty-two years.
When Cole’s doctor gave him a fifteen percent permanent partial impairment rating to his left leg, the doctor also restricted him from jobs involving heavy manual labor. In view of this evidence and the testimony of an employment expert concerning Cole’s job prospects, we find sufficient evidence to uphold the court’s finding of total and permanent disability.
Flame’s final contention on appeal is that the trial court’s computation of Cole’s attorney’s fee is in error. We must agree.
In the recent case of Ex parte St. Regis Corp., 535 So.2d 160 (Ala.1988), our supreme court held that it was error to award a lump-sum attorney’s fee in a total and permanent disability case without reducing the fee award to present value. In the case sub judice, the court failed to so commute the fee. Thus, we remand for a determination of the fee in accordance with the guidelines of St. Regis.
The judgment of the trial court is affirmed in part, reversed in part, and remanded for entry of judgment consistent with this opinion.
AFFIRMED IN PART, REVERSED IN PART, AND REMANDED -WITH INSTRUCTIONS.
HOLMES J., concurs.
INGRAM, J., concurs in part and dissents in part.