Danny Loyd Wilson (employee) injured his back while employed as a painter by The William Wilson Company, Inc. (employer). The employee received temporary disability benefits of $640.05, and medical bills totaling $3,096.26 were paid. He sought further workmen's compensation benefits, including payment of additional medical expenses and permanent partial disability. The trial judge determined that the employee had not sustained any permanent decrease in earning capacity and that he was not entitled to additional benefits. The employee appeals.
The employee contends that the trial judge committed reversible error by failing to include in his order a statement of law applicable to the case in accordance with § 25-5-88, Ala. Code 1975 (1986 Repl.Vol.). He also argues that the evidence does not support the trial judge's denial of his claim for permanent partial disability benefits.
Section 25-5-88 requires that the judgment entered by the trial judge in a workmen's compensation case "shall contain a statement of the law and facts and conclusions as determined by said judge." This court has reversed decisions in which the judgments were totally devoid of findings of fact and conclusions of law. Henderson v. Johnson, 49 Ala. App. 191, 269 So.2d 905 (1972); Kearley v. Peterman LumberCo., 46 Ala. App. 204, 239 So.2d 776 (1970). We have also held on numerous occasions that *Page 931 
substantial compliance with the section is sufficient.Bradley v. Nelson, 507 So.2d 958 (Ala.Civ.App. 1987); Benefield v. Goodwill Industries of Mobile,473 So.2d 505 (Ala.Civ.App. 1985).
The employee argues that the judgment must expressly state the relevant provisions of the workmen's compensation act upon which the trial judge's decision is based. It is helpful if a trial judge cites the applicable sections which control his decision as to whether to award or deny compensation and the amount if awarded, but we do not find any requirement that he do so, nor have we in the past. Republic Steel Corp. v.Kimbrell, 370 So.2d 294 (Ala.Civ.App. 1979);Henderson, supra.
Our review of the judgment in this case indicates that it substantially complies with the requirements of § 25-5-88. We see no need to set forth the text of the five-page decree. It bears no resemblance to the orders summarily dispatched in one or two paragraphs which we reversed in Kearley,supra, and Bass v. Cowikee Mills, 257 Ala. 280,58 So.2d 589 (1952). This judgment included a statement that the parties are "subject to the Alabama Worker's Compensation statutes" and extensive findings of fact. Furthermore, even if the trial judge's findings are meager or omissive, this court may refer to the record itself to determine whether the judgment should be upheld. County of Mobile v. Benson,521 So.2d 992 (Ala.Civ.App. 1988). We have done so here and can find no reason to reverse the decision of the trial judge.
It is well established that review of workmen's compensation cases by this court is by certiorari. § 25-5-81(d), Ala. Code 1975 (1986 Repl.Vol.). Under this narrow standard of review, if there is any legal evidence to support the trial judge's findings of fact, this court will affirm. Bradley,supra; Benefield, supra.
The testimony of the expert witnesses in the instant case was conflicting. Employee's chiropractor assigned him a 10 percent permanent partial disability rating, while a neurosurgeon consulted by employee did not find any clinical evidence of impairment and did not assign any disability rating. The weight given to evidence which is in conflict is a question for the trial judge. Edgewood Service Center v. Hogan,440 So.2d 1076 (Ala.Civ.App. 1983). This court cannot weigh such evidence; our review is strictly limited to an examination of the evidence to determine whether any legal evidence exists that will support the findings of the trial judge. Bradley,supra; Edgewood Service Center, supra. We find that there is evidence here to uphold the trial judge's conclusions.
This case is due to be affirmed.
AFFIRMED.
BRADLEY, P.J., and HOLMES, J., concur.