This is a workmen's compensation case.
Boyd Brothers Transportation, Inc. (Boyd Brothers) employed Louise Asmus as a truck driver. On June 28, 1982 Asmus was shot in the back while making a delivery. She received a severe spinal injury, resulting in paralysis of both legs. She has been confined to a wheelchair since the date of the injury.
Boyd Brothers began paying Asmus workmen's compensation benefits shortly after the shooting. In February 1983, some eight months after the shooting, Asmus returned to work at Boyd Brothers, although not as a truck driver. Instead, she performed minor clerical duties such as answering the phone and checking applications for employment. She worked four to six hours a day and frequently missed work due to her physical condition. She remained with Boyd Brothers in this capacity until December 1984. During this time she continued to draw workmen's compensation benefits, reduced by the amount of her salary. In February 1985, two months after she left Boyd Brothers' employment, the company ceased paying Asmus workmen's compensation benefits.
Asmus filed suit, alleging permanent total disability, on January 10, 1986. After an ore tenus hearing the trial court awarded Asmus workmen's compensation benefits based on permanent total disability. On August 3, 1988 the court amended its decree to conform to the Alabama Supreme Court's opinion inEx parte St. Regis Corp., 535 So.2d 160 (Ala. 1988). Boyd Brothers appeals and we affirm.
In a workmen's compensation case appellate review is limited to questions of law and an examination of the evidence to determine if legal evidence supports the *Page 759 
trial court's decision. Armstrong v. Lewis AssociatesConstruction Co., 451 So.2d 332 (Ala.Civ.App. 1984). If we find any legal evidence to support the trial court's findings, we must affirm. Alatex, Inc. v. Couch, 449 So.2d 1254
(Ala.Civ.App. 1984).
Boyd Brothers contends that no evidence supports the trial court's finding that Asmus cannot currently perform gainful employment. Section 25-5-57(a)(4)d., Code 1975, requires such a finding in all cases of permanent total disability. However, section 25-5-57(a)(4)d. does not require that an employee be absolutely helpless or suffer total physical disability in order to be totally and permanently disabled for workmen's compensation purposes. Rather, it requires that the employee be unable to perform his trade or unable to obtain reasonably gainful employment. Southern Prestressed Concrete, Inc. v.Thomas, 485 So.2d 772 (Ala.Civ.App. 1986); Bankhead ForestIndustries, Inc. v. Lovett, 423 So.2d 899 (Ala.Civ.App. 1982).
In the case at bar, two vocational experts testified that Asmus could not return to her former work as a truck driver. One of those vocational experts testified on deposition that Asmus could not perform any gainful employment. Although Asmus worked for several months after her accident, that work was part time and she was frequently absent due to health problems. Asmus testified that her health has deteriorated significantly over the past three years and that she is in constant pain. Thus, legal evidence supports the trial court's finding that Asmus cannot currently perform gainful employment.
Boyd Brothers also argues that no legal evidence supports a finding that Asmus cannot be retrained for gainful employment. Although the trial court did not specifically find that Asmus cannot be retrained for gainful employment, such a finding is implicit in the trial court's conclusion that Asmus is totally and permanently disabled. Edgewood Service Center v. Hogan,440 So.2d 1076 (Ala.Civ.App. 1983); Thompson Co. Contractors v.Cole, 391 So.2d 1042 (Ala.Civ.App. 1980). Of course, even this implicit finding of fact must be supported by some evidence.Edgewood Service Center, supra. Asmus had performed primarily manual labor for almost twenty years. She had obtained a GED but had no other educational training prior to her injury. After her injury, she attended night classes but was unable to complete any curriculum due to severe pain and lack of stamina. Vocational expert testimony indicated that her paraplegia automatically disqualified her from at least eighty percent of all available jobs. Finally, as stated above, a vocational expert testified that Asmus could not currently perform any gainful employment. Thus there is more than sufficient evidence to support an implied finding that Asmus cannot be retrained for gainful employment.
Finally, Boyd Brothers asserts that the trial court erred in that it allowed Dr. William Stewart to testify as a vocational expert. Dr. Stewart's testimony was introduced by way of deposition. Boyd Brothers argues that there is insufficient evidence to qualify Dr. Stewart as a vocational expert. We disagree. The determination of whether a witness is competent to testify as an expert, by deposition or otherwise, is within the discretion of the trial court. Johnson v. Langley,495 So.2d 1061 (Ala. 1986); Lucky Manufacturing Co. v. Activation,Inc., 406 So.2d 900 (Ala. 1981). The trial court's ruling on this matter will not be disturbed on appeal unless it is a patent abuse of discretion. Lucky Manufacturing Co., supra. Dr. Stewart stated in the deposition that he has a doctorate in vocational rehabilitation services and that he is an "employment expert." Throughout the deposition, Dr. Stewart displayed knowledge of vocational issues far beyond that of an ordinary person. Clearly, the trial court did not abuse its discretion by allowing Dr. Stewart to testify as a vocational expert.
We have thoroughly considered all other issues raised by the appellant and determined that none warrants reversal of the trial court. We therefore affirm the trial court's judgment awarding Louise Asmus *Page 760 
workmen's compensation benefits based on permanent total disability.
AFFIRMED.
HOLMES and INGRAM, JJ., concur.