RUSSELL, Judge.
This is a workmen’s compensation case.
After an ore terms hearing, the trial court found that the employee failed to give timely notice to the employer of an accident or alleged injury which occurred in June 1987. The trial court then held that the employee did not sustain his burden of proof so as to entitle him to recover under the workmen’s compensation laws of Alabama. The employee appeals. We affirm.
On appeal the employee contends that the trial judge committed reversible error by failing to include in his order findings of fact and conclusions of law sufficient to comply with Ala.Code (1975), § 25-5-88 (1986 RepLVol.).
Section 25-5-88 requires that the judgment entered by the trial judge in a workmen’s compensation case “shall contain a statement of the law and facts and conclusions as determined by said judge.” However, this court has held on numerous occasions that substantial compliance with this section is sufficient. Wilson v. William Wilson Co., 537 So.2d 930 (Ala.Civ.App.1988); Bradley v. Nelson, 507 So.2d 958 (Ala.Civ.App.1987); Benefield v. Goodwill Industries, 473 So.2d 505 (Ala.Civ.App.1985). Moreover, even if the trial court’s findings are merely meager or om-issive, this court may refer to the record to determine if the judgment should be upheld. County of Mobile v. Benson, 521 So.2d 992 (Ala.Civ.App.1988). Our review of the judgment in this case indicates that it substantially complies with the requirements of § 25-5-88 and is due to be upheld.
Further, other issues raised by the employee on appeal need not be addressed. This is so because of the lack of proper authority cited for the employee’s argument. Hysmith v. Grimes, 537 So.2d 953 (Ala.Civ.App.1988); Rule 28(a), Alabama Rules of Appellate Procedure.
In view of the above, we have no alternative but to affirm.
AFFIRMED.
INGRAM, P.J., and ROBERTSON, J., concur.