G.W. Carroll was injured when the car he was driving swerved off U.S. Highway 11 and hit a parked trailer owned by Deaton, Inc. Carroll and his wife, Myra, sued Deaton on October 1, 1986, alleging that Deaton had negligently failed to equip the trailer with head lamps or tail lights, as they say Ala. Code 1975, § 32-5-244(b), required it to do, and that Deaton's negligence caused injury to Carroll.[1] Blood tests performed on Carroll at a hospital immediately after the accident showed his blood alcohol level to be .259 percent. Deaton pleaded contributory negligence and made a motion for summary judgment, which the trial court granted.[2]
In entering judgment for Deaton, the trial court distinguished this case from Hallman v. Summerville,495 So.2d 626 *Page 141 
(Ala. 1986), on which Carroll relies on appeal, as follows:
 "The Court having considered the Defendant's, Deaton, Inc., Motion for Summary Judgment, the Plaintiff's brief in opposition, the court file and deposition of the Plaintiff distinguish this case from Hallman v. Summerville, [supra]. In the case under consideration, the testimony establishes that the Plaintiff had a blood alcohol content of .259 at the time of the accident. The Defendant's, Deaton, trailer which the Plaintiff collided with was parked on the shoulder of the road some 3 to 4 feet to the right side of the right lane. At the point where the trailer was parked, there were a total of four lanes. Two lanes which were adjacent to the trailer and unobstructed were available for the Plaintiff's travel. The trailer was visible over a distance of 200 [feet] both to the rear and to the front and the area where the trailer was parked was a straight level stretch of highway.
 "In the Hallman case, the Plaintiff's decedent had a blood alcohol content of .285 and was seen driving from 70-75 miles per hour as he passed another vehicle going across a bridge. He ran into the rear end of a boat trailer that did not have a light on the trailer. The trailer was being pulled at a low rate of speed. In the Hallman case, it was a jury question as to what the proximate cause of the accident was."
Under Code § 32-5A-194(b)(4), a person with a blood alcohol level of .10 percent or more is presumed under the influence of alcohol. Carroll does not dispute the results of the blood test administered to him immediately after the accident; thus, it must be taken as established that he was intoxicated at the time of the collision.
Likewise, Deaton does not dispute that its trailer was not "equipped with . . . a red light" while it was "parked or stopped upon [the] shoulder," as is required by § 32-5-244. Generally, violation of a traffic ordinance or rule of the road constitutes negligence per se. Simpson v. Glenn, 264 Ala. 519,88 So.2d 326 (1956). The record shows nothing to take this case out of that general rule. Thus, in this case, both parties were negligent per se.
Ordinarily, such breaches would create an issue of fact for the jury regarding proximate cause, as in the Hallman case. See, also, Cox v. Miller, 361 So.2d 1044 (Ala. 1978) (fact issue was presented where plaintiff, who was stopped and turning left, but allegedly failed to use signal, was rear-ended by defendant). However, as Deaton correctly argues, here the proximate cause of Carroll's accident was not the absence of lights on Deaton's trailer, but rather Carroll's intoxication, which caused him to leave the highway. Deaton's trailer was parked on the shoulder of the road and was not, like the trailer in Hallman, in the traveled portion of the road.
 "[I]t is well established that a plaintiff in a negligence case cannot recover notwithstanding that he may have proven negligence on the part of the defendant, where plaintiff's own negligence is shown by his or the defendant's proof to have proximately contributed to his damage, provided such contributory negligence is specially pleaded."
Alabama Power Co. v. Scholz, 283 Ala. 232, 238, 215 So.2d 447,452 (1968) (emphasis added) (citations omitted). See, also,Baker v. Helms, 527 So.2d 1241 (Ala. 1988) (contributory negligence of plaintiff pedestrian in crossing highway was a proximate cause of his injuries).
Thus, the only issue present, that of proximate cause, was one of law for the trial judge to decide, which issue he decided correctly. The judgment is, therefore, affirmed.
AFFIRMED.
MADDOX, JONES, ADAMS, HOUSTON and KENNEDY, JJ., concur.
[1] Myra Carroll's claim was for loss of consortium.
[2] Because this case was filed before June 11, 1987, the "scintilla rule," rather than the "substantial evidence test," applies. See Ala. Code 1975, § 12-21-12. *Page 142