The employee, Jeanie Tackett, brought this action to recover benefits from her employer, Elastic Corporation of America (Elastic), under the Workmen's Compensation Act of Alabama. After an ore tenus proceeding, the trial court denied her recovery. Tackett appeals.
The trial court found that Tackett did not sustain an on-the-job injury. The trial court explicitly found Tackett to be lacking in credibility. In making its determination, the trial court found the following:
 "The Court finds that the Plaintiff is a 29-year-old female with a 10th grade education who has spent her entire working life doing manual labor, who was employed with Defendant, Elastic Corporation of America, Inc., on April 6, 1988, the date she alleges she sustained an on-the-job injury. Plaintiff contended her injury occurred while she had some yarn over her head. Plaintiff testified she felt a pull and a pain in her neck and back. The Court is not convinced there was an accident nor is the Court convinced of many of the other pertinent matters Plaintiff testified to at the trial. The basis for this Court's conclusion is the following:
 "The Plaintiff represented in a pre-trial deposition that she didn't have any prior back or neck problems. At trial, the Plaintiff stated she misrepresented the truth at that deposition. The Court finds that Plaintiff misrepresented several other matters either in her deposition or to someone else, one of those being Dr. Meloni, the physician who conducted Plaintiff's pre-employment physical. The Court further discredited the testimony of Mr. James Cason, a witness for Plaintiff, concerning his notice on the day of the injury as the said witness stated that he might have lied to Defendant's counsel at his pre-trial deposition.
 "The Court finds the Plaintiff had problems with her neck and back before the date of the alleged accident and, based on the medical testimony elicited by counsel, the Court finds the Plaintiff's physical condition before and after the alleged injury was unchanged. The Court also believes and finds that Plaintiff had no loss of vocational function even if any injury had occurred." *Page 1283 
Initially, we note that this case is before this court on certiorari. Ala. Code 1975, § 25-5-81(d) (1986 Repl.Vol.). Our review is thus limited to questions of law and to an examination of the evidence to determine if there is any legal evidence to support the findings of the trial court. If there is any legal evidence that supports the findings, this court must affirm. Lowe v. Walters, 491 So.2d 962 (Ala.Civ.App. 1986).
We have thoroughly reviewed the record and find the trial court's assessment of Tackett's credibility concerning the alleged accident to be without error.
The record reflects that, prior to employment with Elastic, Tackett underwent a pre-employment physical examination in which she indicated on the "Comprehensive History and Physical" form that she had had no prior history of back problems, headaches, or mental illness. During the discovery process of the trial — in deposition and in answer to interrogatories — Tackett denied having any prior problems with her neck and back. During the trial of the case, Elastic presented an overwhelming amount of expert testimony showing that Tackett had indeed suffered severe neck and back problems since as early as 1984. Her own witness, a vocational counselor, testified that, in his opinion, there was no significant difference between Tackett's physical condition prior to the alleged injury and her physical condition after the alleged injury. During the trial of the case, Tackett admitted that she had misrepresented the truth concerning her physical condition in the following manner:
 "Q. Mrs. Tackett, do you recall when I took your deposition in this case in September of 1988?
"A. Yes.
 "Q. Do you remember in that deposition when I asked you whether you had ever had any problems with your back or neck?
"A. Yes.
 "Q. And what was your answer to this question, please, ma'am?
"A. 'No.'
 "Q. Did you misrepresent the truth to me at that time?
"A. Yes.
 "Q. You also remember in September of '88 when I took your deposition I asked you whether it was your testimony that you had never been treated by a physician for any problems involving your spinal cord, and your answer was, 'That's right."
"A. That's right.
 "Q. Did you misrepresent the truth to me in your deposition about prior doctors?
"A. Yes."
James Cason, Tackett's companion, similarly misrepresented the truth concerning Tackett's physical condition. During the discovery process, Cason denied any knowledge of Tackett's having been treated by any medical doctor for any reason prior to her employment with Elastic. At trial, Cason, who is disabled and receives disability benefits, admitted that, prior to Tackett's employment with Elastic, he had referred her to a vocational rehabilitation program, to a mental health clinic, and to his own personal physician for her neck and back problems. When asked at trial whether he lied in his deposition with respect to Tackett's physical condition, he stated, "maybe I did."
Tackett alleges that she suffered an on-the-job injury on April 6, 1988. There were no eyewitnesses to the accident. The employees of Elastic who testified at trial denied that she reported her injury as job related. The doctor who examined her on April 7, 1988, testified that she did not relate that she had suffered any injury on the job. The doctor's notes indicated that Tackett "awoke with neck pain, headaches, no other history."
It is well settled that, in arriving at its judgment, the trial court may consider all the evidence before it, as well as its own observations of the witnesses. The trial court may then interpret what it has heard and observed, according to its own best judgment. Armstrong v. Lewis Associates ConstructionCo., 469 So.2d 605 (Ala.Civ.App. 1984). Here, the only evidence concerning the alleged injury was submitted by Tackett and was totally subjective. *Page 1284 
The majority of the evidence tended to discredit Tackett's account of the accident and to discredit her propensity for telling the truth. The trial court had the benefit of observing Tackett and hearing the testimony. That court had the sole responsibility of weighing the evidence and making a finding of fact. Based on our thorough review of the record and the restraints placed on our scope of review, we find no error here.
Tackett would have us determine whether the alleged defense of fraud and misrepresentation of a job applicant's physical condition is a valid defense under the Workmen's Compensation Act of Alabama and whether Tackett had any preexisting condition which prevented her from receiving workmen's compensation benefits. We find a discussion of these two issues to be unnecessary. The trial court determined that no on-the-job injury occurred. Its decision was based explicitly on Tackett's lack of credibility. We affirmed the trial court's decision and found that it was supported by the evidence. A discussion of these two issues would, therefore, be futile at this time.
Tackett asserts that the trial court failed to comply with § 25-5-88, Ala. Code 1975. Section 25-5-88 requires that a judgment entered by the trial court in a workmen's compensation case contain a statement of law, facts, and conclusions, as determined by the trial court. Tackett contends that the trial court's order is devoid of any statement of law and conclusions of law and, therefore, should be set aside. We disagree. We find Wilson v. William Wilson Co., 537 So.2d 930
(Ala.Civ.App. 1988), to be dispositive of this issue and find the trial court's three-page order to be in substantial compliance with §25-5-88.
This case is due to be affirmed.
AFFIRMED.
ROBERTSON and RUSSELL, JJ., concur.