RUSSELL, Judge.
Kenneth Dale Salter (employee) brought this action against the CECO Corporation (employer) to recover benefits under Alabama’s Workmen’s Compensation Act for an injury resulting from an accident which occurred during his employment. The trial court found in favor of the employer. The employee appeals from the trial court’s judgment. We affirm.
We note at the outset that the standard of review in workmen’s compensation cases is a two-step process. First, this court will determine if there is any legal evidence to support the trial court’s findings. Second, if such evidence is found, we will determine whether the trial court’s judgment is supported by any reasonable view of that evidence. Ex parte Eastwood Foods, Inc., 575 So.2d 91 (Ala.1991).
The pertinent facts are that the employee went to work for the employer in January 1985. On April 5, 1985, he sustained a back injury while lifting a sixteen-foot one by four onto a scaffold. The employee testified that after treatment at a medical clinic and treatment by a chiropractor, he was released by the chiropractor to go back to light work. However, the employer informed him that there was no light work available for him. The employee subsequently underwent two back surgeries, one for a ruptured disc and the other to remove a disc fragment. He tried to work by driving a tractor and assisting a painter, but was unable to “handle” these jobs.
The employee had no income after the insurance company stopped payments to him. He was supported by a girlfriend and then by a family member. He had pain in his back, but he was stable and wanted to get off medication and start a new life. He testified that he stopped taking his medication, discontinued doctors’ care, and was doing fine until he was involved in an automobile accident. He testified that he still had a lot of pain but “had to learn to tolerate it and learn to live with it.” He is now on full disability from Social Security.
Dr. Mike Lyons, a psychologist who specializes in pain management and control, saw the employee in December 1986 and again on the day of the hearing. He testified that the employee had pain in his back, “referred” pain in his legs and testicles, *929 nerve problems, and headaches. The employee was unable to return to work when Dr. Lyons saw him in 1986. Dr. Lyons discovered during the interview that the employee had a history of drug abuse, which involved smoking marijuana.
Because he evaluated the employee for disability and not for workmen’s compensation, Dr. Lyons did not determine the source of the complaints, but, rather, how the complaints affected the employee’s employment. The employee told him at the hearing that his pain was about the same as it was in 1986.
Dr. Lyons also stated that the employee had pain in the lower back radiating down the left side from the left leg into the ankle. There was sometimes pressure on the upper back, neck, and arms. After the automobile accident he had pain in the right leg, and the neck area, as well as both hands and arms, was stiff. He could not shake hands. He cannot stand or sit for long periods of time.
Dr. John Sherrill, Jr., interpreted reports prepared by others and testified by deposition that the employee would not be a candidate for heavy work and that there was some permanent impairment due to his injury. He also testified that his problems could be from a later accident, such as a “slip and fall.” There was evidence that sometime after his surgery the employee slipped and grabbed the mirror on his automobile to keep from falling.
Dr. William Woodall performed the first surgery on the employee. He testified by deposition regarding the employee’s condition after that surgery. The employee was still in a great deal of pain and requested Percodan. Other medications were prescribed instead. After complaints of more pain, a disc fragment was discovered through a myelogram, and the employee underwent the second surgery.
The employee continued to complain of much pain, and because Dr. Woodall believed that he was abusing his analgesic medication, he discontinued it. The employee reacted with demands and hostility. Dr. Woodall believed that the employee was addicted to pain medication and stated that a patient can emphasize subjective complaints of pain in order to get medication.
At the next examination the employee, who, according to Dr. Woodall, appeared to be drugged, said that he hurt all over. Dr. Woodall suspected emotional problems or the taking of unknown types of drugs. The complaints were out of proportion with the physical examination. Dr. Woodall also testified that at the last examination the patient appeared to be in “neurologically acceptable condition,” but could not perform gainful employment due to a drug addiction. He further stated that it is unusual for a patient to be unable to perform any type of work three years after an accident.
Dr. E. Lamar Thomas, an orthopedic surgeon who treated the employee, testified by deposition that after surgery the employee was hurting and wanted something for pain. Dr. Thomas did not know why the pain was so bad. He wondered if the employee was just trying to get narcotics. When Dr. Thomas recommended injections of cortisone in the tender areas, the employee became abusive and refused. At a later appointment he appeared to be looking for medication.
Dr. Thomas made no determination as to impairment. Although the employee never seemed in physical or mental condition to return to work, Dr. Thomas thought that he would have recovered and gone back to some kind of work. Physically he did not see why the employee could not return to work. However, on cross examination, he could not say whether the employee is able to return to work, and he has not been asked by the insurance company to rate the employee.
In its order the trial court stated that, since the on-the-job injury, the employee had received other injuries, particularly in an automobile accident in which, while he was stopped in a line of traffic, he was rear-ended by an automobile going approximately fifty miles an hour. The trial court further stated that no evidence had been presented which would enable it to determine the degree of any permanent disabili *930 ty the employee incurred as a result of his on-the-job injury and that, although the employee is disabled to a considerable degree, the causal relationship between the employee’s disability and the on-the-job injury is speculative.
The employee contends that the trial court erred in holding that causation between the on-the-job injury and the employee’s disability was not proven and that there was legal and medical evidence to support a holding in favor of the employee.
However, as previously stated, the correct standard of review is whether any legal evidence supports the trial court’s findings and whether the trial court’s judgment is supported by any reasonable view of that evidence. Ex parte Eastwood Foods, 575 So.2d 91. Furthermore, evidence presented in a workmen’s compensation claim must be more than evidence of mere possibilities. Hammons v. Roses Stores, Inc., 547 So.2d 883 (Ala.Civ.App.1989); Stewart v. Busby, 51 Ala.App. 242, 284 So.2d 269 (Ala.Civ.App.1973). Here, Dr. Woodall and Dr. Thomas testified that they believed, or suspected, that the employee was addicted to drugs or his medication and that he may have been emphasizing subjective complaints of pain or not performing gainful employment due to a drug addiction. In addition, the employee testified that he had stopped taking his medication and seeing doctors and that he was doing fine prior to the automobile accident. Clearly, there was legal evidence to support the trial court’s findings, and its judgment is supported by a reasonable view of that evidence.
The employee next contends that the trial court omitted sufficient findings of fact and conclusions of law as mandated by Ala.Code 1975, § 25-5-88. That section requires that the judgment “contain a statement of the law and facts and conclusions as determined by said judge.” Substantial compliance with this section is sufficient. Monroe v. West Point Pepperell, 545 So.2d 785 (Ala.Civ.App.1989). Even if the trial court’s findings are meager or omissive, a determination that the judgment should be upheld may be made by referring to the record. Id. In the present case, we find that the judgment substantially complies with § 25-5-88; therefore, we find no ground for reversal here.
Based on the above, the judgment of the trial court is due to be affirmed.
AFFIRMED.
ROBERTSON, P.J., and THIGPEN, J., concur.