THIGPEN, Judge.
This workmen’s compensation case involves both an appeal and a cross-appeal.
Violet Deas sued for workmen’s compensation benefits, alleging injuries sustained while on a business errand for her employer, Life Church of Mobile (Life Church). She alleged that she was employed by Life Church as a bookkeeper on October 12, 1989, when she slipped and fell at a Mobile grocery store. She alleged that she suffered a broken left wrist and that she has continuing lower back pain, pain in her left shoulder, and swelling of the fingers of her left hand. She further alleged that she can no longer resume employment because of the pain and lingering injuries resulting from the fall.
The parties stipulated that Deas was acting within the scope and course of her employment when the accident occurred. After an ore tenus proceeding, the trial court found that Deas had suffered a permanent partial disability from the injury which resulted in a 25% loss of ability to earn. Additionally, the trial court found that Deas was able to return to gainful employment in an office setting such as Life Church, and that she was fully compensated for her period of temporary total disability. Deas was also awarded the maximum of 300 weeks in benefits commensurate with a finding of a 25% loss of ability to earn, and Life Church was ordered to pay any future reasonable medical expenses related to the injury.
*1314 Deas appeals, alleging permanent and total disability. Life Church cross-appeals, alleging that there is no evidence to support the trial court’s finding of a 25% loss of earning capacity.
Our review in workmen’s compensation cases is limited to a determination of whether there is any legal evidence to support the trial court’s findings of fact. If such evidence is found, we then determine whether any reasonable view of that evidence supports the judgment of the trial court. Ex parte Eastwood Foods, Inc., 575 So.2d 91 (Ala.1991). Further, this court does not look to the weight of the evidence but only looks to see if there is any legal evidence to support the facts found by the trial court, and those findings are conclusive where the testimony is conflicting. McKenzie v. American Bread Co. of Alabama, Inc., 579 So.2d 667 (Ala.Civ.App.1991); United Technologies v. Mims, 549 So.2d 981 (Ala.Civ.App.1989).
The record reveals that Deas was an office manager and a bookkeeper for Life Church, and that as such, her job included filing, typing, and the supervision of three other employees. She had been employed by Life Church for over thirty years. It is not disputed that her injuries were incurred in the line and scope of her employment. There was medical testimony that Deas reached maximum medical improvement on November 6, 1991, and that she was released to return to work in February 1992. She was treated by several different physicians and was diagnosed as having suffered a permanent partial disability of 8% to the body as a whole and 35% to the left upper extremity, with no disability as to her lumbar region.
After reviewing the depositions of the doctors and other witnesses, together with the in-court testimony of Deas, the trial court found that Deas was not permanently and totally disabled but had suffered a 25% permanent partial loss of earning capacity. The trial court specifically found that Deas could perform the duties of her former job since it included alternate standing and sitting positions, and that she could write with and otherwise use her right hand.
Deas testified to pain in her back, wrist, fingers, and shoulder, especially after sitting for long periods of time. She also stated that she must periodically stand to avoid pain, and that she can no longer perform the duties of her job as office manager. Her testimony was bolstered by another witness. She testified that her left hand is virtually useless; however, she testified that she drives her automobile. Some of the medical testimony reflects that Deas’s complaints are synonymous with reflex sympathetic dystrophy which may gradually resolve itself in time. Numerous medical tests were performed to determine any physiological basis for Deas’s complaints of extreme pain, and there was testimony that no physiological basis was found.
As such, the evidence is at best conflicting as to any disability suffered by Deas as a result of the injury. It is the function of the trial court to resolve conflicts and interpret what it heard and observed in its own best judgment. Tackett v. Elastic Corporation of America, 557 So.2d 1281 (Ala.Civ.App.1990).
Based upon the foregoing authority, the judgment of the trial court is due to be, and it is hereby, affirmed.
AFFIRMED.
ROBERTSON, P.J., and YATES, J., concur.