While I agree with the opinion, I also find the willful misconduct defense a compelling reason to reverse the judgment of the trial court.
Section 25-5-51, Ala. Code 1975, provides that "no compensation shall be allowed for an injury . . . caused by the willful misconduct of the employee." This court, in Sun Papers,Inc. v. Jerrell 411 So.2d 790 (Ala.Civ.App. 1981), defined "willful misconduct":
 " 'Wilful' misconduct, as used in § 25-5-51, ' "includes all conscious or intentional violations of definite law or definitely prescribed rules of conduct, as to which obedience is not discretionary, as contradistinguished *Page 114 
from inadvertent, unconscious, or involuntary violations thereof." ' Sloss-Sheffield Steel Iron Co. v. Nations, 236 Ala. 571, 183 So. 871 (1938), citing Ex parte Woodward Iron Co., 212 Ala. 220, 102 So. 103 (1924)."
Sun Papers, 411 So.2d at 794 (emphasis added).
Section 32-5A-191(a) eliminates any discretion a driver might have had to drive on the public roads while drunk. It provides that "[a] person shall not drive . . . any vehicle while: (1) There is 0.10 percent or more by weight of alcohol in his or her blood."
The blood alcohol test performed on Hall revealed a blood alcohol content of 0.29 percent. This court stated inGallups v. United States Steel Corp., 353 So.2d 1169, 1171
(Ala.Civ.App. 1978), that a blood alcohol content of 0.29 percent was "sufficient alcohol to cause extreme intoxication." (Emphasis added.)
In Hemer v. Workmen's Compensation Appeal Board,71 Pa. Commw. 174, 454 A.2d 225 (1983), a trucker was killed in Indiana while driving with a blood alcohol content of 0.24 percent. A denial of compensation was upheld on the ground that driving while intoxicated was a violation of Indiana statutes and, therefore, that the Pennsylvania violation-of-law defense barred the claim.
The Legislature of the State of Alabama has declared the following presumptions with regard to one's use of alcohol while operating a motor vehicle:
 "(b) Upon the trial of any civil, criminal, or quasi-criminal action or proceeding arising out of acts alleged to have been committed by any person while driving or in actual physical control of a vehicle while under the influence of alcohol, the amount of alcohol in the person's blood at the time alleged as shown by chemical analysis of the person's blood, urine, breath or other bodily substance shall give rise to the following presumptions:
". . . .
 "(3) If there were at that time 0.10 percent or more by weight of alcohol in the person's blood, it shall be presumed that the person was under the influence of alcohol."
§ 32-5A-194(b)(3) (emphasis added).
If a 0.10 percent blood alcohol level is sufficient to establish a presumption that one is under the influence of alcohol, then a level almost three times as great affords a strong presumption that one is under the influence.
No reasonable view of the evidence rebuts this strong presumption. Hall repeatedly testified that he did not remember how the accident occurred. He said the last thing he remembered before the accident was looking at cows to the left of the road. He did not remember running off the road or hitting a mailbox. He had no explanation for how his truck travelled 309 feet along the side of the road before turning over. He was asked at trial if he had previously made a statement to the effect that the cause of the accident was water shifting in the tank. He answered, "And when I looked off, now I'm assuming, I'm guessing, I don't know, I don't remember, when I looked off I must have veered off the side of the road. . . . And I don't know that, I'm just assuming. That's the only thing I can come up with." Therefore, his statement that alcohol did not contribute to or cause the accident is not credible.
The trial court did not identify any factual basis for a finding that the cause of the accident was something other than extreme intoxication. The only reference in the judgment to the cause of the accident is this statement:
 "On July 28, 1991, while the plaintiff was working for the defendant, he was involved in a vehicular accident while driving a catfish holding, or water tank, truck; he sustained bodily injuries in the accident, including a fractured thoracic spine and fractured ribs."
The only reference in the judgment to the willful misconduct is this statement:
 "The defendant, in its answer filed in this cause and [again] at the trial of this case, asserted the affirmative defenses set forth in § 25-5-51, Code of Alabama, . . . including intoxication and willful violation of a company policy and/or regulation of the employer. However, the Court specifically *Page 115 
finds that the defendant failed to meet its burden of proof with respect to this affirmative defense and that it failed to reasonably satisfy the Court that intoxication and/or willful violation of a company rule or regulation of the employer proximately caused the accident and injury made the basis of this workmen's compensation action [; see Lankford v. Redwing Carriers, Inc., 344 So.2d 515 (Ala.Civ.App. 1977)]."
In Carroll v. Deaton, Inc., 555 So.2d 140 (Ala. 1989), Carroll was injured when the car he was driving swerved off U.S. Highway 11 in Jefferson County and hit a Deaton trailer parked on the side of the road. Blood alcohol tests performed on Carroll immediately following the accident disclosed that his blood alcohol level was 0.259 percent. Thereafter, Carroll brought suit against Deaton alleging that the failure to equip the parked trailer with headlights or taillights constituted negligence and that that negligence had proximately caused Carroll's injuries. Deaton's motion for summary judgment was granted. Carroll appealed. On appeal, the Alabama Supreme Court stated:
 "Under Code § 32-5A-194(b)(4), a person with a blood alcohol level of .10 percent or more is presumed under the influence of alcohol. Carroll does not dispute the results of the blood test administered to him immediately after the accident; thus, it must be taken as established that he was intoxicated at the time of the collision."
555 So.2d at 141.
The Court stated further that "the proximate cause of Carroll's accident was not the absence of lights on Deaton's trailer, but rather Carroll's intoxication, which caused him to leave the highway." Id. In other words, a blood alcohol level slightly less than Hall's was sufficient in Carroll to establish proximate cause.
In workers' compensation cases, an employee must present "more than evidence of mere possibilities such as would simply serve to 'guess' the employer into liability." Eddy v. DunlopTire Rubber Corp., 516 So.2d 709, 711 (Ala.Civ.App. 1987);Hammons v. Roses Stores, Inc., 547 So.2d 883, 885
(Ala.Civ.App. 1989); accord Salter v. CECO Corp., 596 So.2d 927, 930
(Ala.Civ.App. 1991). In Eddy, the employee injured his left knee and hip in a work-related accident. He alleged that he injured his left arm and hand in the same accident. Although the knee and hip injuries were not in dispute, the employee could give no explanation as to how the arm or hand injury occurred. The trial court, therefore, denied compensation for the arm and hand injury, since the employee's claim regarding it was based merely on speculation and conjecture.
Because no reasonable view of the evidence suggests that anything other than extreme intoxication was the cause of the accident, the judgment of the trial court was plainly erroneous and must be reversed.
THIGPEN, J., concurs.