THOMPSON, Judge,
concurring in part and dissenting in part.
I agree that Ridlespurge did not establish that her back condition was related to her on-the-job injury and, therefore, that that condition is not compensable under the Workers’ Compensation Act.
I disagree with the main opinion’s holding as it relates to Ridlespurge’s fibro-myalgia. In its judgment, the trial court set forth explicit findings of fact. Those findings, as they pertain to Ridlespurge’s claim for benefits for fibromyalgia, read in pertinent part:
“At the time of her initial visit with Dr. Bell, [Ridlespurge] complained of pain and discomfort in her neck and shoulder. [Ridlespurge] provided a history of the TV/VCR falling as the origin of [her] problems. Dr. Bell diagnosed *1204 [Ridlespurge’s] condition as ‘fibromyal-gia,’ a condition involving a lot of complaints, including diffuse pain, flu-like symptoms, lack of sleep, tender spots, and exercise intolerance. The fibro-myalgia diagnosis is a diagnosis of ‘exclusion.’ ... While Dr. Bell testified that the fibromyalgia condition appeared to be related to the reported on-the-job injury, it is clear from Dr. Bell’s testimony that this opinion was based on the ‘history’ provided by [Ridlespurge].... However, Dr. Bell also testified ‘it is hard to say exactly what causes [fibro-myalgia].’ ... In addition, Dr. Bell testified that stressors in a patient’s life can trigger the condition. This is significant due to the fact that prior to the diagnosis of this condition, [Ridlespurge] and her husband had been arrested and charged with felony drug possession, which carries the potential of significant penalties of imprisonment and fines. [Ridlespurge] failed to provide this information to Dr. Bell.... Dr. Bell testified that pending criminal charges could be a stressor which could trigger the development of the fibromyalgia condition. ...
“The Court also takes note of the testimony of Dr. Roland Rivard, who stated that fibromyalgia is a condition which is recognized by some physicians, but not recognized by others.... Also, according to Dr. Rivard, the symptoms and physical findings of fibromyalgia are usually vague and the condition is often related to emotional or psychological disorders ....
“Having considered all the evidence and the applicable standard of proof, the Court finds that there is insufficient evidence to conclude that the fibromyal-gia condition, if it exists at all, was either caused or contributed to be caused by [Ridlespurge’s] on-the-job injury. In fact, the substantial evidence leads the Court to conclude that the fibromyalgia condition developed as a result of the stress associated with the criminal charges filed against [Ridles-purge] and her husband. Accordingly, the Court concludes that the fibromyal-gia condition is not a compensable condition under the Workers’ Compensation Act and [Kmart] is not responsible for providing workers’ compensation benefits, including medical benefits to [Ri-dlespurge] for the treatment of said condition.”
(Some emphasis added.)
I believe that the evidence in the record supports the trial court’s factual findings and its conclusion that Ridlespurge’s on-the-job accident did not cause or contribute to her fibromyalgia. It is the function of the trial court to consider and resolve any conflicts in the evidence and to interpret that evidence in accordance with its best judgment. Tackett v. Elastic Corp. of America, 557 So.2d 1281 (Ala.Civ.App.1990). It appears that those joining the main opinion are impermissibly substituting their judgment for that of the trial court. See Ex parte Smith, 673 So.2d 420 (Ala.1995). Therefore, I dissent from that portion of the main opinion holding that the fibromyalgia is related to Ridles-purge’s on-the-job injury.
I must also dissent from the main opinion’s holding that the trial court erred in failing to find Ridlespurge permanently and totally disabled. In its judgment, the trial court made specific findings of fact and thoroughly discussed the manner in which it determined the extent of Ridles-purge’s disability. I believe the record fully supports the trial court’s determination on that issue. However, even assuming that Ridlespurge’s fibromyalgia was related to her on-the-job injury, the appropriate remedy here is for this court to *1205 remand the action for the trial court to reconsider its disability determination in light of this court’s holding. It is not the function of this court, but of the trial court, to determine the extent, if any, of a worker’s disability. Genpak Corp. v. Gibson, 534 So.2d 312 (Ala.Civ.App.1988).
CRAWLEY, J., concurs.