HOLMES, Judge.
This is a workmen’s compensation case.
The trial court awarded workmen’s compensation benefits to the employee and the employer appeals. We affirm.
The dispositive issue is whether there is evidence to support the trial court’s finding that the employee was injured on the job. Additionally, as we perceive the employer’s brief, it is argued that “tips” should not have been included in determining average weekly earnings.
Findings of fact by the trial court in a workmen’s compensation case will be accepted by the reviewing court if they are supported by any legal evidence. Beatrice Foods Co. v. Clemons, 54 Ala.App. 150, 306 So.2d 18 (1975); 19A Ala.Digest Workmen’s Compensation <®=>1940.
Here, there is evidence to support the trial court’s finding that the employee was injured while in the employ of appellant. The employee, a waitress, testified that the accident occurred on August 31, 1977, while she was in the employ of the appellant. Specifically, the employee fell while serving customers.
As to the employer s apparent contention that the trial court erred in including the “tips” of the employee in the court’s determination of the employee’s average weekly earnings, we find no merit in this instance.
Section 25~5-57(b), Code of Ala.1975, entitled “Computation of compensation; determination of average weekly earnings,” in pertinent part, states as follows:
Whatever allowances of any character made to an employee in lieu of wages are specified as part of the wage contract shall be deemed a part of his earnings.
There was evidence that “tips” were part of employee’s wage contract. Put another way, there was evidence that the employee was to earn a specific hourly wage plus “tips.”
The judgment of the trial court is due to be affirmed.
AFFIRMED.
WRIGHT, P. J., and BRADLEY, J., concur.