HOLMES, Judge.
This is a workmen’s compensation case.
The Circuit Court of Mobile County denied benefits to the widow of the employee and she appeals. We affirm.
The dispositive issue on appeal is whether there is any evidence to support the finding of the trial court that the employee’s death was not job related.
The pertinent facts are as follows:
In February, 1981, the employee, John Saxon, was employed by the City of Mobile as a policeman. In the early morning hours of February 4, Officer Saxon suffered a fatal heart attack while on duty.
Officer Saxon was off duty January 30, 31, and February 1. He returned to work February 2 and worked two hours as a witness. He then worked the evening shift February 2 beginning at 11:00 p.m. and ending at 7:00 a.m. February 3. During the day of February 3, he worked as a witness for eight hours. He then returned home and slept for a time before returning to work at 11:00 p.m. February 3. At 3:30 a.m. the morning of February 4, Officer Saxon suffered a heart attack and died.
After Officer Saxon’s death, Mrs. Saxon filed for workmen’s compensation benefits. The trial court found that the normal progression of heart disease caused Officer Saxon’s fatal heart attack and that his job “experience” cannot be related to the cause of his death with any degree of reasonable medical probability. This determination was obviously based, upon a review of the evidence taken ore tenus and the deposition of a medical doctor.
In workmen’s compensation cases the trial court’s finding is conclusive if there is any evidence that will support it. Legg v. Americold Compressor Co., 336 So.2d 1121 (Ala.Civ.App.1976); Purser Steel, Inc. v. McEwen, 47 Ala.App. 263, 253 So.2d 56 (1971). This court can consider neither the weight of the evidence nor thé propriety of the trial court’s finding of fact. Our inquiry is limited to a determination of whether there is any evidence to support the trial court’s finding. Kroger Co. v. Millsap, 280 Ala. 531, 196 So.2d 380 (1967); Tidwell Industries, Inc. v. Kennedy, 410 So.2d 109 (Ala.Civ.App.1982).
Mrs. Saxon, through able counsel, initially contends that the trial court erred by applying an incorrect test of causation to the facts of the case. We disagree.
The trial court relied on Strickland v. National Gypsum Co., 348 So.2d 497 (Ala.Civ.App.1977). In Strickland, the legal test was stated as follows:
“If in the performance of the duties for which he is employed an employee is exposed to a danger or risk materially in excess of that to which people not so employed are exposed, and an injury occurs, such injury may legally be determined to have arisen from his employment. ...”
348 So.2d at 499.
Applying the above stated test, in this instance, we cannot say the trial court erred.
*1297 This test was expounded upon further in Fordham v. Southern Phenix Textiles, Inc., 387 So.2d 204 (Ala.Civ.App.1980); and City of Tuscaloosa v. Howard, 55 Ala.App. 701, 318 So.2d 729 (1975).
In those cases, it is stated that the causation test can be separated into two distinct parts: legal and medical. Both of these must be satisfied in order to establish causation.
To establish legal causation the employee must show that in the performance of his duties he had to exert or strain himself or was exposed to risks or hazards in excess of that to which people not so employed are exposed. To establish medical causation the employee must show that the exertion or the exposure to certain conditions was, in fact, a contributing cause of her injury.
There is no argument as to the establishment of legal causation in the instant case. Although it is not set out specifically, it is clear from the record and the trial court’s judgment and briefs that it is the issue of medical causation that provides the basis of this appeal. Put another way, it is the dispute over whether the strain and conditions of police work (the legal aspect of causation) contributed to Officer Saxon’s fatal heart attack (medical causation) that is at issue here.
In the trial court’s final judgment and finding of fact, the trial judge explicitly states that the medical test is whether there is a causal relation between the heart attack and the exertion or strain of the employment. Although the exact language of neither Fordham nor Howard is used, we believe the trial court’s finding is a correct statement of the “test.” The trial court further found that “medical testimony . .. clearly established that there was no causal connection between any exertion or strain of Officer Saxon’s job and his fatal heart attack.”
The above clearly indicates that the trial court applied the correct “test”; hence no error.
Mrs. Saxon additionally contends, through able counsel, that the trial court’s findings are not supported by the evidence. We disagree.
A review of the record reveals sufficient evidence to support the trial court’s finding that Officer Saxon’s job did not contribute to his death.
The record shows that Officer Saxon had a history of heart disease (in fact, Officer Saxon suffered a heart attack in 1974); that he was obese; that he had smoked cigarettes for over twenty years; that he had high blood pressure; and that he had a family history of heart disease. Medical testimony was to the effect that all of this combined placed Officer Saxon in a very high risk group for heart attack.
In addition, it was testified that on the night he died, Officer Saxon was in his patrol car parked on the side of the road. Another police officer pulled up alongside Officer Saxon, and that officer testified, essentially, that Officer Saxon was suffering an attack. There was no significant evidence that Officer Saxon had been exposed to any condition or had exerted himself in any way prior to his attack.
At the trial, Mrs. Saxon contended that a call to back up another police car caused Officer Saxon to have such a stressful emotional experience that, combined with the everyday stress of police work, it precipitated his heart attack. However, the record supports the trial court’s finding that Officer Saxon was apparently suffering the heart attack when he received the back-up call.
Testimony was heard from two medical doctors, both qualified to express an opinion, concerning whether the everyday stress of police work contributed to Officer Saxon’s death. The trial court chose to put more credence on the testimony of the doctor who maintained that the normal progression of Officer Saxon’s “heart condition” caused his death and that everyday stress was too remote a factor to be considered.
*1298 For the above stated reasons, we find that the learned trial judge did not err in determining causation. This case is due to be and is affirmed.
AFFIRMED.
WRIGHT, P.J., and BRADLEY, J., concur.