WRIGHT, Presiding Judge.
This is a workmen’s compensation case.
On April 29, 1981, Gary Rice injured his back while working for Wellborn Forest Products, Inc. Rice received temporary total workmen’s compensation benefits until July 6,1981. On July 3,1981, Rice’s doctor released him to return to work, diagnosing Rice as having no permanent impairment.
On January 20, 1982, Rice brought suit against Wellborn, claiming additional workmen’s compensation benefits. The issue decided by the trial court was whether Rice had some degree of disability beyond July 6, 1981. On June 28, 1984, after hearing and weighing all the evidence, the trial court entered a judgment denying Rice further compensation. Following unsuccessful post-trial motions, Rice appeals, claiming the trial court erred because all or most of the evidence shows that he is totally or partially permanently disabled.
In workmen's compensation cases, we have stated many times our limited standard of review. This court will not weigh the evidence but will simply see if there is any evidence to support the trial court’s finding. Battles v. Thomas R. Foster Pulpwood Company, 444 So.2d 876 (Ala.Civ.App.1984); Haggard v. Uniroyal, Inc., 423 So.2d 865 (Ala.Civ.App.1982). Viewing the evidence in that light, we find that the treating orthopedist testified that in his opinion, there was no permanent impairment and Rice could return to work. This testimony is ample legal evidence to support the trial court’s judgment. Therefore, we affirm.
AFFIRMED.
BRADLEY and HOLMES, JJ., concur.