This is a workmen's compensation case.
The trial court determined that the employee was not entitled to workmen's compensation benefits. The employee, through able counsel, appeals and we affirm.
The dispositive issue on appeal is whether there is any evidence to support the trial court's conclusion that the employee was not entitled to benefits. In addition to this primary issue, the employee also contends that the trial court's findings of fact are insufficient.
 I
Review by this court of workmen's compensation cases is by certiorari. Ala. Code (1975), § 25-5-81 (d). The review in such cases "is limited to questions of law *Page 506 
and to an examination of the evidence to determine if there is any legal evidence to support the findings of the trial court."Armstrong v. Lewis Associates Construction Co., 451 So.2d 332,334 (Ala.Civ.App. 1984). The cases are legion that, under this narrow standard of review, if there is any legal evidence which supports the trial court's findings of fact, this court will affirm those findings. Wilson v. Berry Industries Company,451 So.2d 339 (Ala.Civ.App. 1984); Alatex, Inc. v. Couch,449 So.2d 1254 (Ala.Civ.App. 1984); Saxon v. City of Mobile, 421 So.2d 1295
(Ala.Civ.App. 1982). With this standard of review in mind, we find that there is evidence to support the trial judge's findings of fact.
The employee contends that the evidence supports his claim that the injury to his toe was incurred in the course of his employment when he stepped on a sharp object or was bitten by ants, triggering a pre-existing bone disease. The disease could not be successfully treated, and the front third of the employee's foot had to be amputated. While the record may contain evidence which supports the employee's argument, we find that there is also evidence to the contrary. Specifically, one of the physicians treating the employee's foot testified that the pre-existing, but dormant, bone disease in the employee's toe could have been activated, not by stepping on a sharp object or by ant bites, as the employee claimed, but by the everyday nonemployment-related trauma of "braking" one's walking and of friction inside one's shoe.
We further note that the employee himself gave varying versions of how he was "injured."
We reiterate that, on review of a workmen's compensation case, we do not determine whether there is substantial evidence to support the judgment of the trial court. Rather, if there is any
evidence supporting the findings of fact, we must affirm the trial court as to those factual matters. Wilson v. BerryIndustries Company, 451 So.2d at 342. We find that there was such supporting evidence in this case.
 II
Ala. Code (1975), § 25-5-88, provides that the judgment entered by the trial judge in a workmen's compensation case "shall contain a statement of the law and facts and conclusions as determined by said judge." The employee contends that the judgment entered by the trial judge did not meet the requirements of § 25-5-88 because certain of the findings of fact were not responsive to the issues presented to the trial court.
While this court has reversed workmen's compensation decisions in which the trial court's findings of fact were completely unresponsive to the issues, see, e.g., Dennis v. Gamble's Inc.,389 So.2d 142 (Ala.Civ.App. 1980), the court has also held that substantial compliance with § 25-5-88 will suffice. Dees v.Daleville Florist, 408 So.2d 155 (Ala.Civ.App. 1981); Fordham v.Southern Phenix Textiles, Inc., 387 So.2d 204 (Ala.Civ.App.),cert. denied, 387 So.2d 206 (Ala. 1980).
We have reviewed the judgment entered by the trial court and find that it substantially complies with the requirements of §25-5-88. The trial court made and stated in its written order those findings of fact arising from the issues presented to it by the parties, specifically, whether the injury to the employee's foot arose in and out of his employment. The trial court's finding is, at a minimum, merely "meager or omissive," in which case this court may simply refer to the record itself, as it has done, to determine that the judgment should be upheld. Thompsonand Company Contractors v. Cole, 391 So.2d 1042 (Ala.Civ.App. 1980).
The judgment of the trial court is affirmed.
AFFIRMED.
WRIGHT, P.J., and BRADLEY, J., concur. *Page 507