This is a workmen's compensation case.
The employee, Thomas Gibson, was injured while employed at Southern Stone Company, Inc. The employee sought benefits from the employer under Alabama's workmen's compensation laws.
The learned trial judge found that the employee had "suffered a 23% impairment to the upper extremity and therefore the Plaintiff is due to be paid by the Defendant the sum of $6,599.51."
The employee appeals. We reverse and remand.
The dispositive issue on appeal is whether in this instance the trial court can enter an award when there has been no finding of loss of ability to earn.
The record reveals, in pertinent part, that, during the course of his employment, the employee was supervising a conveyor belt. The employee was attempting to clear debris from the belt when he cut his right hand. The record also indicates that the employee has undergone surgery several times in an attempt to improve the use of his right hand.
In its order, the trial court found that, although the ring finger and little finger of the employee's right hand have not been removed, he has lost the use of these fingers. The trial court specifically found that "the Plaintiff's disability as a result of the accident in question is that of 23% to the Plaintiff's upper extremity." The trial court then awarded compensation based upon its finding of a 23% impairment to the employee's upper extremity.
However, the trial court made no specific findings that the employee had sustained a loss of ability to earn. When the trial court fails to make such a finding, it has no basis for awarding compensation. B.F. Goodrich Co. v. Martin, 47 Ala. App. 244, 253 So.2d 37 (Ala.Civ.App. 1971). Therefore, this case must be remanded to the trial court for it to ascertain whether the employee has sustained a loss of ability to earn. Hill v.J.P. Stevens Co., 360 So.2d 1035 (Ala.Civ.App. 1978).
We note that the employer contends that the trial court treated the employee as having a scheduled injury and awarded compensation pursuant to Ala. Code (1975), § 25-5-57(a)(3)a. We do not agree with this contention for two reasons. First, if the trial court had intended to find that the employee had sustained a scheduled loss, it could have simply stated such a finding and calculated the award according to the *Page 33 
schedule. Instead, the trial court found that the employee had sustained a 23% impairment to his upper extremity. Importantly, this term is not included anywhere in the statute as a scheduled loss.
Our second reason is that in its order the trial court focused on the fact that the employee's post-injury earnings equal or exceed those received before the injury. See GoodyearTire Rubber Co. v. Downey, 266 Ala. 344, 96 So.2d 278 (1957). This tends to indicate that the trial court had determined this to be a nonscheduled loss under Ala. Code (1975), §25-5-57(a)(3)g.
This case is reversed and remanded.
REVERSED AND REMANDED.
WRIGHT, P.J., and BRADLEY, J., concur.