This is a workmen's compensation case.
Brenda Carol Wheeler was employed as a bartender for Lake Forest Property Owners' Association, Inc., doing business as Lake Forest Yacht and Country Club (Lake Forest). In March 1985, the employee sustained an injury while acting in the scope of her employment. The employee reported the injury and received medical treatment for a herniated disc. She received temporary total disability benefits for a period of time.
The employee filed this action under the Alabama Workmen's Compensation Act, Ala. Code (1975), §§ 25-5-1 through -231 (1986 Repl.Vol.). After a hearing the trial court issued an order, finding that the employee was entitled to benefits under the workmen's compensation statutes. The trial court also found that the average weekly wage of the employee at the time of the accident was $165 and that she had a fifteen percent permanent partial disability to her body as a whole. The trial court awarded compensation based upon its calculations and determined that the employee was not entitled to vocational rehabilitation.
The employee's post-trial motion was denied. The employee appeals.
Under our scope of review in workmen's compensation cases, we search the record to determine if there is any evidence to support the trial court's findings. Benefield v. GoodwillIndustries, 473 So.2d 505 (Ala.Civ.App. 1985). Under this limited scope of review, we will not weigh the evidence.Rice v. Wellborn Forest Products, Inc., 465 So.2d 1165
(Ala.Civ.App. 1985). If the record contains any evidence to support the findings of the trial court, we will affirm those findings. Benefield, 473 So.2d 505.
In her first issue the employee contends that the trial court erred when it determined her average weekly earnings at the time of the accident to be $165. The employee testified that she received an hourly rate of $3.65 plus tips and that her average weekly salary, including tips, was between $250 and $300 at the time of the accident.
The employee's W-2 forms for 1984 and 1985 and her income tax returns for 1984 and 1985 were introduced into evidence. These documents indicate that, in the thirteen weeks of 1985 that Wheeler was employed with Lake Forest, she earned approximately $2,118 in wages, salary, and tips. During approximately seven months of employment in 1984, her earnings were $4,680. This evidence, when calculated into weekly salary, tends to support the finding of the trial court that her weekly salary was $165. That portion of the trial court's order is affirmed.Benefield, 473 So.2d 505.
In her second issue the employee contends that the judgment of the trial court is erroneous because the trial court failed to make a finding of the employee's loss of ability to earn. The trial court's order states, in pertinent part:
 "Based on the foregoing findings of fact the Court concludes that the plaintiff has suffered an injury compensable under the Workmen's Compensation Laws of the State of Alabama and that she has a permanent partial disability as contemplated under Section 25-5-57(g) of the Code of Alabama (1975). The Court concludes that her permanent partial disability is 15% to her body as a whole, and, therefore, she is entitled to benefits calculated as follows:
 "2/3 x $165.00 x 15% or a total of $16.50 per week from January 8, 1987, for a period of 225 2/7 ths weeks (300 — 74 5/7ths)."
The trial court's order did not specifically find that the employee's earning capacity was diminished by her disability. In order to sustain an award of permanent partial disability, the trial court must make a finding of a permanent partial loss of *Page 1085 
ability to earn. Webb Timber Co. v. Milton,865 So.2d 101 (Ala.Civ.App. 1978); Hill v. J.P. Stevens Co.,360 So.2d 1035 (Ala.Civ.App. 1978). Therefore, this case must be remanded to the trial court for a determination as to what extent the employee has suffered a loss of ability to earn. A finding of physical disability of the body as a whole does not necessarily coincide with loss of ability to earn. GoodyearTire Rubber Co. v. Downey, 266 Ala. 344, 96 So.2d 278
(1957).
In her third issue, the employee argues that the trial court's determination regarding vocational rehabilitation for her was erroneous. The trial court concluded that the employee was not entitled to vocational rehabilitation.
Section 25-5-77(c) provides, in pertinent part:
 "If an employee who is unable in the opinion of the treating physician to return to his former employment shall request vocational rehabilitation and if both a vocational rehabilitation specialist and a treating physician, the cost of whose service is the obligation of the employer under this section, shall express their opinions in writing that in the judgment of each of them vocational rehabilitation is reasonably calculated to restore the employee to gainful employment and is in the best interest of the employee, the cost of such rehabilitation shall be borne by the employer."
The employee failed to comply with this statute, and the finding of the trial court was amply supported by the record. The employee's treating physician testified that, if the employee complied with certain restrictions, she could be employed. Our review of the record did not reveal any written expression that vocational rehabilitation was necessary in this case. Consequently, this portion of the trial court's order is affirmed.
This case is affirmed in part and reversed and remanded in part.
The foregoing opinion was prepared by Retired Appellate Judge L. CHARLES WRIGHT while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e) of the Code of Alabama of 1975. This opinion is hereby adopted as that of the court.
AFFIRMED IN PART; REVERSED AND REMANDED IN PART.
All the Judges concur.