This is a workmen's compensation case.
The employee, Willis Daniel, was injured while employed at Alabama Power Company. The employee sought benefits from the employer under the applicable workmen's compensation laws.
Following an ore tenus hearing, the trial judge rendered an eight-page order containing findings of fact, conclusions of law, *Page 780 
and judgment. The learned trial judge concluded that "[b]y reason of [Daniel's] October 18, 1979, accident, [Daniel] has suffered 90% permanent partial disability" and awarded Daniel $39,168.
The employer appeals, and Daniel cross-appeals, contending error in the trial court's judgment.
The dispositive issue is whether the trial judge can enter an award without making a finding of the degree, if any, of loss of ability to earn.
In its order the trial court determined that Daniel "suffered an injury by accident arising out of and in the course of his employment." The trial judge concluded that Daniel suffered a "90% permanent partial disability" as a result of such injury. The trial judge then awarded compensation based upon his finding of the 90% permanent partial disability.
However, the trial judge did not make any finding stating that Daniel had sustained a loss of ability to earn. Gibson v.Southern Stone Co., 500 So.2d 32 (Ala.Civ.App. 1986). In the absence of such a finding, the trial court has no grounds for awarding compensation. B.F. Goodrich Co. v. Martin, 47 Ala. App. 244, 253 So.2d 37 (Ala.Civ.App. 1971).
Stated differently, there is no finding respecting the degree that the work-related injury, in combination with any pre-existing condition, affects Daniel's ability to earn. Therefore, this case must be reversed and remanded to the trial court for a determination of whether Daniel has sustained any loss of ability to earn.
In view of the above, we pretermit a discussion of the issues as raised by the parties to this appeal.
REVERSED AND REMANDED.
INGRAM, P.J., and ROBERTSON, J., concur.