This is a workmen's compensation case.
The employee, Barbara Rice, alleged a psychological injury following an incident at work in which a rock fell on her hard hat. The employee sought benefits from her employer, Marley Erectors, Inc., pursuant *Page 1084 
to Alabama's workmen's compensation statutes.
Following the presentation of ore tenus evidence, the trial court issued an order which set forth its findings of fact, conclusions of law, and judgment in the case.
The trial court found that employee was "15% permanent partially disabled as a result of this accident" and awarded employee benefits.
The employer appeals contending, among other things, that the trial court erred in entering an award of compensation without making a finding as to employee's loss of ability to earn.
The trial court found that the employee "was injured while working on the job — most likely a combination of the falling rock and harassment by co-employees — all of which contributed to her severe psychological disability." The trial court then concluded that the employee had a 15% permanent partial disability due to the accident and awarded compensation.
Although the trial court's order is four pages long, it does not include a finding concerning any loss of employee's ability to earn. When such a finding is absent from the judgment, no grounds for awarding compensation exists. Alabama Power Co. v.Daniel, 545 So.2d 779 (Ala.Civ.App. 1989); Gibson v. SouthernStone Co., 500 So.2d 32 (Ala.Civ.App. 1986); B.F. GoodrichCo. v. Martin, 47 Ala. App. 244, 253 So.2d 37 (Ala.Civ.App. 1971), cert. denied 287 Ala. 726, 253 So.2d 45, 46 (1971).
Consequently, this court must reverse and remand for a determination of whether employee suffered a loss of ability to earn.
In view of the dispositive nature of this issue, we pretermit any discussion of the other issues raised by the parties on appeal.
REVERSED AND REMANDED WITH DIRECTIONS.
INGRAM, P.J., and RUSSELL, J., concur.