RUSSELL, Judge.
This is a workmen’s compensation case.
Terrell Barnes (employee) sustained an on-the-job injury on June 25, 1987, while in the employ of Piggly Wiggly (employer). Following an ore tenus hearing, the trial court issued an order setting forth its findings of fact, conclusions of law, and judgment in this case. Therein, it concluded that the employee was 30% permanent partially disabled as a result of the accident.
The employer appeals, contending, among other things, that the trial court erred in awarding the employee benefits without finding that he suffered a loss of ability to earn. We agree.
While the trial court’s order sets forth the amounts of the employee’s pre- and post-injury earnings, we note that such figures demonstrate that the employee has a post-injury hourly wage in excess of what he was earning prior to the accident. Nowhere in its order does the trial court make the requisite finding of loss of ability to earn. The law is clear that, where such a finding is absent from the judgment, no grounds for awarding compensation exist. Marley Erectors, Inc. v. Rice, 560 So.2d 1083 (Ala.Civ.App.1990); Alabama Power Co. v. Daniel, 545 So.2d 779 (Ala.Civ.App.1989).
Consequently, this court must reverse and remand for a determination of whether the employee suffered a loss of earning capacity. In view of the dispositive nature of this issue, we pretermit a determination of the employer’s remaining issue on appeal.
REVERSED AND REMANDED.
INGRAM, P.J., and ROBERTSON, J., concur.