ROBERTSON, Presiding Judge.
William O. Denney (employee) sustained an on-the-job injury on January 29, 1985, while employed by Hooper Sewer Service (employer). On February 5, 1987, the employee filed a complaint in the Circuit Court of Jefferson County, seeking workmen’s compensation benefits.
The trial court specifically found that the employee’s claim was not barred by the statute of limitations. Rather, it held that the statute of limitations was tolled by the payment of compensation by the employer to the employee. Further, the trial court found that the employee’s accident was not the result of intoxication, and, thus, that the affirmative defense of intoxication, Ala. Code 1975, § 25-5-51, was not applicable.
The trial court also found that the employee had incurred a sixty percent permanent partial disability as a proximate result of his injury. Additionally, the trial court found that, although the employee was now making more than he did before the accident, such “post-injury earnings ... do not accurately reflect the [employee’s] earning ability or loss of earning capacity.” However, the trial court failed to make a finding of the employee’s actual loss of ability to earn.
The dispositive issue on appeal is whether the trial court erred in entering an award of compensation without first making a finding as to the employee’s loss of ability to earn.
When such a finding is absent from the judgment, there are no grounds for awarding compensation benefits. Marley *341 Erectors, Inc. v. Rice, 560 So.2d 1083 (Ala.Civ.App.1990). Consequently, this court must reverse and remand this case for a determination of whether the employee suffered a loss of ability to earn as a result of his accident.
We point out that the record reveals that the employee presently has his own business and is making more than he was before he was injured. Although in such instances there is a presumption that there is no loss of earning capacity, this presumption is rebuttable by other evidence, showing incapacity or explaining why evidence of high wages is an unreliable basis for determining earning ability. Chrysler Motor Corp. v. Cole, 563 So.2d 1040 (Ala. Civ.App.1990).
REVERSED AND REMANDED WITH DIRECTIONS.
THIGPEN and RUSSELL, JJ., concur.