ROBERTSON, Presiding Judge.
This is the second time this case has been before this court. On July 5, 1991, this *1389 court reversed and remanded this case to the trial court because the trial court erred in entering an award of compensation without first making a finding as to the employee’s loss of ability to earn. Hooper v. Denney, 587 So.2d 340 (Ala.Civ.App.1991).
On remand, the trial court entered the following order:
“This Court’s Final Order of December 12, 1990, is hereby amended, supplemented and corrected (so as to comply with the directions of the Court of Civil Appeals, in its review of this cause, dated July 5, 1991), as follows:
“Dr. Fain A. Guthrie, former Dean of the School of Counseling and Clinical Psychology, testified the plaintiff had suffered a vocational disability rating of 60-65%. He testified plaintiff would not be hirable by prospective employers due to dizziness, seizures, headaches and loss of hearing. He further testified plaintiff had a vocational impairment of 100%. Deféndant’s witness, Mary Kessler, assigned a 20% vocational disability rating. Ms. Kessler testified, however, that in reaching her opinion she did not take into account the plaintiff’s status of only being able to work 2-3 days per week.
“Finally, plaintiff’s present income is, in fact, a composite business income, produced by the efforts of all four family members.
“Hence, this court determines plaintiff has a vocational disability rating of 60%.”
Again, the trial court failed to make a finding as to the employee’s loss of ability to earn. When such a finding is absent from the judgment, there are no grounds for awarding compensation benefits. Marley Erectors, Inc. v. Rice, 560 So.2d 1083 (Ala.Civ.App.1990). Compensation is awarded on the basis of loss of ability to earn, and without such a finding, no compensation can be awarded. Tyson Foods, Inc., v. Calloway, 568 So.2d 811 (Ala.Civ. App.1990); Gibson v. Southern Stone Co., 500 So.2d 32 (Ala.Civ.App.1986).
The previous record on appeal revealed that the employee had his own business and was earning more after the accident than he was earning before he was injured. We recognize that post-injury earnings are but one factor for the trial court to consider in determining whether there has been a loss of earning capacity. Lankford v. International Paper Co., 454 So.2d 988 (Ala.Civ.App.1984). However, since the trial court, on remand, again failed to find that the employee suffered a loss of ability to earn, we can only conclude that there has been no loss of ability to earn. Consequently, we reverse this case and remand it to the trial court for an entry of judgment in favor of the employer.
REVERSED AND REMANDED WITH DIRECTIONS.
THIGPEN and RUSSELL, JJ., concur.