ROBERTSON, Presiding Judge.
This is a workmen’s compensation case.
On June 14, 1991, William Hilyer (employee) filed a petition for compensation alleging, inter alia, that in June 1989, while working for Jimmy Hilyer d/b/a Hilyer Logging (employer), he injured his lower back; that he was totally and permanently disabled and/or permanently and partially disabled; and that at the time of the injury he was receiving an average weekly wage of approximately $350 per week. Following an ore tenus proceeding on February 21, 1992, the trial court found that the employee’s average weekly wage was $182.50 per week; that the employee suffered a 60% vocational disability or loss of ability to earn; that the employer overpaid temporary total benefits in the amount of $8,929.62; that the employee is entitled to 16 weeks of accrued permanent partial benefits for a total of $1,068; and that the employee is entitled to 170 weeks of future permanent partial disability in the amount of $12,410.34.
The employee filed a timely post-judgment motion, claiming that the trial court improperly determined his average weekly wage; that the trial court failed to give him credit for fringe benefits paid by the employer; and that no evidence was presented to the trial court of a 60% disability. The motion was denied on March 13, 1992, and the employee appeals.
The employee argues that the trial court erred in considering his income tax returns as evidence of income not withstanding the fact that he testified that the tax returns were incorrect, and that he earned $350 per week; that the trial court erred by failing to consider his fringe benefits; and that the trial court erred in failing to award him a reasonable disability rating.
At the outset, we note that in reviewing workmen’s compensation cases this court must first look to see if there is any legal evidence to support the findings of the trial court. If such evidence is found, then we must determine whether any reasonable view of that evidence supports the trial court’s judgment. Ex parte Eastwood Foods, Inc., 575 So.2d 91 (Ala.1991).
The employee first contends that the trial court erred in considering his income tax returns as evidence of the amount of his income. The employee argues that the testimony regarding the employee’s wages was elicited for impeachment purposes and, therefore, cannot be made the basis of a finding of fact. We find no basis in this argument. The employee made no objection to the introduction of his tax records during the trial, and the record does not indicate that this evidence was introduced solely for purposes of impeachment.
This court affirmed a factually similar case in Wheeler v. Lake Forest Property Owners’ Ass’n, Inc., 523 So.2d 1083 (Ala.Civ.App.1988), wherein the employee testified that her average weekly earnings were between $250 and $300. The employee’s *398 W-2 forms were introduced into evidence, after which the trial court found that her weekly salary was $165.
In the instant case, the trial court’s order stated the following regarding the employee’s weekly wages:
“[T]he [employee] testified ... that his average weekly wage was $350 per week. The [employer] however presented the [employee’s] income records, which indicated that the employee reported $7,950 for the year 1988 and $5,960 for the 29-week period in 1989. By using the 52-week period immediately prior to the accident, the [employer] argued that the proper average weekly wage was $182.50. No other evidence was presented ... regarding this issue.”
In view of Wheeler, we cannot find that the trial court, in the instant case, erred in holding that the employee’s weekly wage was $182.50.
The employee also contends that the trial court erred in failing to include $30 per day in truck expenses in calculating his average weekly income. The employee argues that such expenses should be considered fringe benefits and, therefore, should be included in his earnings. Section 25-5-57(b), Code 1975, provides:
“whatever allowances of any character made to an employee in lieu of wages are specified as part of the wage contract shall be deemed a part of his or her earnings.” (Emphasis added.)
Inasmuch as the only evidence in the record regarding this issue was the employee’s testimony that he received $30 per day in truck expenses, we cannot find that these expenses were part of the wage contract and, therefore, they should not be included in his average weekly earnings. See § 25-5-57(b), Code 1975; See also S.M., Inc. v. Wise, 373 So.2d 868 (Ala.Civ.App.1979).
The employee also contends that the trial court erred in its finding of a 60% vocational disability.
The record reveals that at the time of trial the employee was 52 years of age. The employee testified that he was employed as a saw operator for the employer when he injured his lower back.
Dr. Daniel Wayne Michael, an orthopedic surgeon, testified by deposition that he examined the employee in July 1989. In October 1989, Dr. Michael performed a lami-nectomy on the employee’s back. Dr. Michael testified that the employee entered a work-hardening program but that the program was unsuccessful. Dr. Michael performed another laminectomy and later a third surgery, wherein Dr. Michael performed both a laminectomy and a back fusion. Dr. Michael testified that the employee reached maximum medical improvement in August 1991. Dr. Michael testified that, following the third surgery, the employee had a 15% physical impairment rating. He testified that, in his opinion, the employee will not be able to return to work in the logging industry, and that the employee will be restricted to light to medium work and lifting between 20 to 25 pounds.
Claude Franklin Peacock, the director of the Rehabilitation and Employment Institute, testified that he interviewed the employee on July 31, 1991. Based on the interview with the employee, and a review of the employee’s medical records, Peacock testified that, in his opinion, the employee is 100% disabled. Furthermore, Peacock testified that the employee, after three back surgeries, is not a candidate for rehabilitation.
Maria Lyn Monroe, a rehabilitation consultant, testified that the employee’s loss of earning capacity would be 44% to 46% if he were making $350 per week, and 33% to 35% if he were making $200 per week.
After reviewing the record in this case, this court finds that there is legal evidence to support the findings of the trial court, and that a reasonable view of that evidence supports the trial court’s judgment.
Accordingly, this case is due to be affirmed.
AFFIRMED.
THIGPEN and RUSSELL, JJ., concur.