ON REMAND FROM THE SUPREME COURT
ROBERTSON, Presiding Judge.
The prior judgment of this court was reversed by our supreme court, 612 So.2d 467, and this case was remanded to this court for further proceedings.
James H. Sherer brought this action to recover workmen’s compensation benefits as a result of a motor vehicle accident while he was in the employment of his own company, Sherer Timber Company, Inc.
Following an ore tenus proceeding, the trial court rendered a judgment which found that Sherer
“has suffered a twenty percent disability within the meaning of the Workman’s Compensation Act as a result of his com-pensable injury and orders that [Sherer] shall have and recover of the employer from the date of the injury a permanent partial disability benefit in the amount of $194.85 to the date of this decree_ [Sherer] shall have and recover of the employer thereafter $194.85 for the balance of three hundred weeks.”
The trial court’s judgment failed to include a finding concerning any loss of Sherer’s ability to earn. When such a finding is absent from the judgment, no grounds for awarding compensation exist. Marley Erectors, Inc. v. Rice, 560 So.2d 1083 (Ala.Civ.App.1990).
Consequently, this court must reverse the judgment and remand this case for the trial court to make a determination of whether Sherer suffered a loss of ability to earn.
REVERSED AND REMANDED WITH DIRECTIONS.
RUSSELL, J., concurs.
THIGPEN, J., recused.