THIGPEN, Judge.
This is a workmen’s compensation case.
In July 1991, Karen McPherson filed a complaint against Deaton, Inc., her employer, seeking workmen’s compensation benefits. She alleged that in the course of her employment, she had fallen and had hit the railing on a truck, injuring her knees and legs and suffering permanent disabilities. In late 1991, McPherson began serving a life term in the penitentiary. Ultimately, the trial court found that as a result of the on-the-job injury, McPherson had suffered a permanent partial disability and a 45 percent loss of earning ability. The final judgment awarding benefits was entered in May 1993. Dea-ton appeals.
Deaton raises three issues on appeal: (1) whether the trial court erred in finding that *993 McPherson sustained a loss of earning capacity and was therefore entitled to workmen’s compensation benefits during her incarceration; (2) whether the trial court erred in finding that McPherson’s 12-year-old daughter is totally dependent; and (3) whether the trial court erred by not finding that McPherson’s incarceration precludes her from receiving workmen’s compensation benefits.
This court’s review in workmen’s compensation cases involves a two-step process. First we look to see if there is any legal evidence to support the trial court’s findings, and, if we find such evidence, then we must determine whether any reasonable view of that evidence supports the trial court’s judgment. Ex parte Eastwood Foods, Inc., 575 So.2d 91 (Ala.1991). This standard of review applies only to the trial court’s findings of fact and not to its conclusions of law. Ex parte Cash, 624 So.2d 576 (Ala.1993).
Deaton argues that to allow McPherson to collect workmen’s compensation benefits for a permanent partial disability is inconsistent with the law, since her loss of employment is caused by the incarceration, rather than the disability. Deaton argues that Ala.Code 1975, § 25-5-57(a)(4)c., should apply to McPherson. That section, at the time applicable to this case, stated, in pertinent part:
“In case an employee, who is permanently and totally disabled, becomes an inmate of a public institution, then no compensation shall be payable unless he has wholly dependent on him for support a person or persons ... whose dependency shall be determined as if the employee were deceased, in which case the compensation provided for in this subdivision shall be paid for the benefit of such person so dependent, during dependency, in the manner ordered by the court, while the employee is an inmate in such institution. ..
The trial court rejected Deaton’s argument, finding that McPherson had suffered a permanent partial disability, rather than a permanent total disability. The trial court held that Ala.Code 1975, § 25-5-57(a)(4)c., “has no application in this case.” Deaton’s argument to extend the application of that section to apply to McPherson is likewise unpersuasive on appeal.
The record reveals that in November 1991, McPherson pleaded guilty to first degree kidnapping and was sentenced to life in prison. Deaton claimed that McPherson’s physical activities in the course of committing the offense disputed her claim of permanent partial disability. Expert testimony offered at trial gave McPherson an impairment rating ranging from ten percent to one hundred percent as a result of the on-the-job accident.
The principles governing workmen’s compensation cases are well established. The workmen’s compensation laws are remedial in nature, they are to be liberally construed, and they are to be applied in a manner to effect their beneficent purposes. Hilyard Drilling Co. v. Janes, 462 So.2d 942 (Ala.Civ.App.1985). An injured employee protected by these laws “is entitled to be fully compensated for [her] job-related injury.” Hilyard at 943. Furthermore, “reasonable doubts regarding a provision in the Workmen’s Compensation Act should be resolved in favor of the employee.” Hilyard at 943.
McPherson’s complaint against Deaton was filed in July 1991, and her prison sentence began in late fall 1991 for an offense that occurred in September 1991. The trial court received conflicting evidence regarding McPherson’s injury and the resulting disability, which had occurred before her incarceration. The trial court considered the fact that she became incarcerated because of an offense committed after she had incurred the disabling injury. Record evidence supports the trial court’s finding that McPherson was permanently partially disabled as a result of the job-related injury and that she had suffered a loss of earning capacity before her incarceration. That finding will not be disturbed.
 Deaton further argues that the trial court erred in determining that McPherson’s daughter is “dependent” pursuant to the workmen’s compensation laws. Although we are affirming the trial court’s determination *994 that Ala.Code 1975, § 25-5-57(a)(4)c., does not apply in the instant case, and, therefore, a determination regarding dependency is not required, we are compelled to note the following: For purposes of workmen’s compensation benefits, a minor child under the age of 18 years is conclusively presumed to be wholly dependent. Ala.Code 1975, § 25-5-61. Although there was testimony that McPherson’s daughter lived with McPherson’s husband, there was also testimony that he had not adopted her. There was testimony that her father’s whereabouts are unknown and that he pays no support for her, although he has been ordered to pay child support. The evidence supports the finding by the trial court that McPherson’s daughter is dependent upon McPherson for workmen’s compensation purposes; therefore, that finding is not erroneous. Furthermore, factual findings of a trial court based upon conflicting evidence are conclusive if any evidence supports them. Washington v. Warrior Tractor & Equipment Co., 487 So.2d 1371 (Ala.Civ.App.1986); Saxon v. City of Mobile, 421 So.2d 1295 (Ala.Civ.App.1982).
Deaton finally contends that McPherson’s “conviction, incarceration and loss of civil rights precluded her from drawing workmen’s compensation benefits.” Deaton argues that by her conviction, McPherson “has relinquished her rights to any compensation that would have been due to her” in the same way she is now precluded from exercising the basic civil privilege and right to vote. To support this contention, Deaton cites authority that allowed an individual’s conviction of a crime involving moral turpitude to deprive the individual of “elector rights.” Absent authority to do so, this court cannot extend the loss of “elector rights” to include the relinquishment of workmen’s compensation benefits due pursuant to statute.
Therefore, the judgment of the trial court is affirmed.
AFFIRMED.
ROBERTSON, P.J., and YATES, J., concur.