THIGPEN, Judge.
In February 1993, Charles Adams filed a complaint against Bentley Pontiac/Cadillac, Inc. (Bentley), seeking to recover workmen’s compensation benefits,[1] alleging injuries arising out of and in the course of his employment with Bentley and due to an accident that occurred in September 1991. The record reveals that, following treatment of the alleged job-related injury, Adams was injured in an automobile accident in December 1991. The automobile accident was unrelated to his employment. Following ore tenus proceedings, the trial court entered a judgment, finding that Adams “incurred a fifty percent (50%) permanent partial disability as a proximate result of his injury,” and it awarded benefits accordingly.
The employer appeals, contending, inter alia, that the trial court erred in awarding compensation without any finding regarding Adams’s loss of ability to earn. Although the trial court’s order included findings and conclusions of law, nevertheless, it did not include any finding concerning any loss of Adams’s ability to earn. When such a finding is absent from the judgment, no grounds for awarding compensation exist. Marley Erectors, Inc. v. Rice, 560 So.2d 1083 (Ala.Civ.App.1990). Adams urges this court to recognize the finding regarding physical disability to be the equivalent of a finding regarding loss of ability to earn. He argues that any defects in the trial court’s order are mere scrivener’s error or otherwise. A finding of physical disability does not necessarily coincide with the loss of ability to earn. Wheeler v. Lake Forest Property Owners’ Association, Inc., 523 So.2d 1083 (Ala.Civ.App.1988). Although Adams correctly argues that the specific words “loss of ability to earn” are not required to be in the trial court’s order, there is nothing in this trial court’s order connecting the disability to earning capacity. Was Adams’s earning capacity diminished by the disability? Absent that finding, there is simply no basis for an award. Marley, supra; see also Hooper v. Denney, 619 So.2d 1388 (Ala.Civ.App.1992). Consequently, this court must reverse the judgment and remand the cause for a determination of whether Adams suffered a loss of ability to earn upon which to base an award of workmen’s compensation benefits could be based.
In view of the dispositive nature of this issue, we pretermit any discussion of the other issues raised by the employer on appeal.
REVERSED AND REMANDED WITH DIRECTIONS.
ROBERTSON, P.J., and YATES, J., concur.

. The review of this case is governed by Ala.Code 1975, § 25-5-1 et seq., the Workmen's Compensation Act, which was in effect before the amendments of May 19, 1992.