THIGPEN, Judge.
This is a workmen’s compensation case.
In July 1993, Peggy Holmes filed a complaint against Webb Oil Company, Inc., and Federated Insurance Company (Webb Oil), for workmen’s compensation benefits.[1] Following ore tenus proceedings, the trial court found that Holmes suffered a 75% permanent partial disability, and it awarded Holmes unpaid and future medical expenses and benefits. Webb Oil’s post-judgment motion was denied; hence, this appeal.
Webb Oil raises several issues on appeal; however, we find the dispositive issue to be whether the trial court erred in awarding benefits without finding that Holmes suffered a loss of ability to earn.
Although the trial court’s order included findings and conclusions of law, it did *37 not find any loss of Holmes’s ability to earn. Absent that finding, no grounds exist for awarding compensation. Marley Erectors, Inc. v. Rice, 560 So.2d 1083 (Ala.Civ.App.1990). Physical disability does not necessarily coincide with the loss of ability to earn. Wheeler v. Lake Forest Property Owners' Association, Inc., 523 So.2d 1083 (Ala.Civ.App.1988). Although no specific wording is required, there is nothing in this trial court’s order connecting Holmes’s disability with her earning capacity. Absent a finding that Holmes’s earning capacity was diminished by the disability, there is simply no basis for an award. Hooper v. Denney, 619 So.2d 1388 (Ala.Civ.App.1992).
Consequently, this court must reverse the judgment and remand the cause for a determination of whether Holmes suffered a loss of ability to earn upon which an award of workmen’s compensation benefits could be based.
REVERSED AND REMANDED WITH INSTRUCTIONS.
ROBERTSON, P.J., and YATES, J., concur.

. The review of this case is governed by Ala.Code 1975, § 25-5-1 et s'eq., the Workmen’s Compensation Act, which was in effect before the amendments of May 19, 1992.