THIGPEN, Judge.
In September 1993, Eddie Haney filed a complaint, seeking workmen’s compensation benefits, alleging that he was permanently disabled because of a lower back injury that he had sustained while working in the line and scope of his employment with Union Foundry Company (employer) in 1991.[1] The employer answered, and, among other things, denied that Haney was permanently disabled, and asserted several affirmative defenses.
Following ore tenus proceedings in October 1994, the trial court concluded that Haney had suffered an 8% permanent partial impairment, and it awarded benefits accordingly. Haney appeals, contending that the trial court erred by failing to make a determination regarding his loss of ability to earn.
In its order, the trial court stated, in pertinent part:
“[Haneyj’s testimony regarding his ability and/or inability to engage in various activities and his pain is not credible. Based on the fact that [Haney] appears to have recovered from his back injury and corresponding surgery, the Court is of the opinion that he has suffered an 8% permanent partial impairment or disability. [Haney]’s impairment and award is based strictly on the fact that he had back surgery and nothing else. This opinion is based on a thorough review of [Haney]’s activities on the videotapes, [Haney]’s own testimony regarding the length of time that he was able to engage in the activities as seen on the videotapes, as well as the testimony of [Haney]’s treating physician, Dr. Anthony Saway and [Haneyj’s own vocational expert witness, Lee Waldrop. Accordingly, [Haney] is entitled to a judgment awarding [workmen’s] compensation benefits based on an eight percent (8%) permanent partial impairment to the body as a whole.”
The trial court is required to make an express finding regarding an employee’s loss of ability to earn in cases involving a nonscheduled permanent partial disability. Cook v. Munn, 521 So.2d 1341 (Ala.Civ.App.1988); see also Ala.Code 1975, § 25-5-57(a)(3)(g). When the trial court omits such a finding, no basis for awarding compensation exists. Marley Erectors, Inc. v. Rice, 560 So.2d 1083 (Ala.Civ.App.1990).
The employer, citing Bentley Pontiac/Cadillac, Inc. v. Adams, 646 So.2d 155 (Ala.Civ.App.1994), correctly argues that specific words, such as “loss of ability to earn” or “reduced earning capacity,” are not required in the trial court’s judgment. In the instant case, however, the trial court’s judgment simply contains no indication regarding the effect of Haney’s disability on his ability to earn. “Absent that finding, there is simply no basis for an award.” Bentley Pontiac/Cadillac, Inc., 646 So.2d at 156.
The percentage of disability and the percentage of one’s loss of ability to earn may be different. International Paper Co. v. Murray, 490 So.2d 1234 (Ala.Civ.App.1985), affirmed in part and reversed in part, *786 Ex parte Murray, 490 So.2d 1238 (Ala.1986). Additionally, a finding of a physical disability to the body as a whole does not necessarily coincide with a loss of ability to earn. Wheeler v. Lake Forest Property Owners’ Association, Inc., 523 So.2d 1083 (Ala.Civ.App.1988).
For the foregoing reasons, the judgment of the trial court is reversed, and the cause is remanded for the trial court to make a determination regarding whether Haney suffered a loss of ability to earn.
REVERSED AND REMANDED WITH INSTRUCTIONS.
ROBERTSON, P.J., and MONROE, J., concur.

. The review of this case is governed by Ala.Code 1975, § 25-5-1 et seq., the Workmen’s Compensation Act, which was in effect before the amendments of May 19, 1992.