WRIGHT, Presiding Judge.
This is a workmen’s compensation case. The plaintiff, Frank Whaley, brought this action against the defendant-employer, Ohio Ferro-Alloys Corporation, and the trial court found in favor of plaintiff. We affirm.
The testimony was substantially as follows:
On April 9,1977, the plaintiff was employed by defendant and acting within the line and scope of his employment when he slipped while ascending a flight of stairs in defendant’s plant. The fall resulted in a back injury. Plaintiff gave prompt notice of his accident to his employer. He was admitted to the hospital on the day of the accident. He later underwent an operation known as a spinal fusion by Dr. Gary Phillips, an orthopedic surgeon. Dr. Phillips testified that the accident aggravated a condition in plaintiff’s back and caused a permanent disability equal to twenty-five percent whole body physical impairment. Before trial the parties stipulated that the average *289 weekly wage of the plaintiff while in defendant’s employ during the fifty-two-week period immediately preceding the accident was $295.75.
After his injury, plaintiff returned to work with defendant for a short period on a part-time basis, but was subsequently discharged. He then obtained employment at Neptune Meter Works in Tallassee, Alabama. His duties at Neptune were basically supervisory in nature with an annual salary of approximately $13,600. Plaintiff had been doing supervisory work with defendant, but had also been required to do a great deal more manual labor because of the newness of defendant’s plant. The plaintiff further testified that the people at Neptune had hired him because of what he knew — not his brawn.
Plaintiff completed three years of college at the University of Alabama where he played defensive end on the football team. He did not complete work for a degree. His work experience since college has included being a carpenter, police officer, and shift supervisor in plants such as the one operated by defendant.
The trial court made a finding of fact that plaintiff was earning $18,000 annually from defendant at the time of the injury, and that he earned $13,600 with his employment after the injury. The court thereafter found as follows:
“7. The court further finds that the plaintiff is 25% permanently disabled. The difference between plaintiff’s average weekly earnings prior to the injury and his probable earnings afterwards would be $73.94 per week. He is entitled to compensation at the rate of 66 and %% of $73.94 per week or $49.29 per week for 296 weeks.” (R.50)
Defendant first attacks the judgment below by contending that there is no evidence to support the finding that “The difference between plaintiff’s average weekly earnings prior to the injury and his probable earnings afterwards would be $73.94 per week.” The contention of defendant is premised upon the assumption that in determining the percentage of loss of ability to earn the computation is to be based upon the average weekly salary before and the average weekly salary thereafter. We find that premise to be in error.
It is evident from the recital in its judgment that the court used the difference in plaintiff’s annual salary of $18,000 at the time of his injury and the annual salary of $13,600 which he was earning after the injury as evidence of his percentage loss of earning capacity. There is roughly a 25% differential. We find nothing wrong with the court having made its determination from such evidence. Evidence of his actual salary at the time of his injury and his actual salary earned in his injured condition is material in determining the percentage of loss of ability to earn.
In fact, the comparison of before and after earnings has been said to raise a presumption of the degree of loss of earning capacity. Goodyear Tire & Rubber Co. of Alabama v. Downey, 266 Ala. 344, 96 So.2d 278 (1957). It is only after the amount of the loss of earning capacity is determined that the formula involving average weekly earnings may be applied under the statute. § 25-5-57(a)(3)(g), Code of Alabama (1975). That is what the court did in its judgment. Comparing the actual salary being earned at injury with the largest salary earned after injury, the court calculated a 25% loss of earning capacity. Applying that percentage to the stipulated average weekly earnings at the time of injury, the court determined the average weekly earnings plaintiff was able to earn after injury. The error of defendant’s contention is that it insists that the latter figure must be the same as the average weekly earnings calculated from plaintiff’s actual earnings since the injury. Actual earnings and earning capacity are not the same. It is the latter that the court determines from the evidence. 2 Larson, Workmen’s Compensation Law, § 57.21; Agricola Furnace Co. v. Smith, 239 Ala. 488, 195 So. 743 (1940).
We hold that the finding of loss of earning capacity is sufficiently supported by *290 legal evidence to withstand our review on certiorari. Newman Brothers, Inc. v. McDowell, 354 So.2d 1138 (Ala.Civ.App.1977), cert. denied, 354 So.2d 1142 (Ala.1978).
Defendant next contends that the trial court erroneously failed to include in its judgment a finding that plaintiff suffered a loss of ability to earn. Defendant’s contention that a determination of a permanent partial impairment of capacity to earn is necessary to an award is correct. We have so held. B. F. Goodrich Co. v. Martin, 47 Ala.App. 244, 253 So.2d 37 (1971). However, we do not consider it imperative that such determination be couched in such specific terms. The statute (§ 25-5-57(a)(3)(g)) requires “Compensation for Permanent Partial Disabilities Not Enumerated.” It is only in using the formula that the need for a determination of loss of ability to earn arises.
The judgment entered is in the exact words of the statute. It found the plaintiff to be 25% permanently partially disabled. Such finding is necessary under the statute. It then continued, as we heretofore quoted, to apply that finding of disability to average weekly earnings before the injury as is required by the statute. The use of the formula exemplifies the loss of ability to earn. This court has not disapproved a judgment worded as in this case. Our disapproval of judgments in permanent partial disability cases has been because the judgment specifically found only a percentage disability of the body as a whole without a finding of a loss of ability to earn, or there was a finding of bodily injury with an award but with no evidence of a loss of capacity to earn. Brooks v. Crimson Homes, Inc., 51 Ala.App. 252, 284 So.2d 279 (1973); B. F. Goodrich, supra.
We therefore find the judgment when considered in its entirety to satisfy the requirements of the statute. This being so, the court was empowered under Rule 60(a), ARCP, to clarify its judgment and cause it to speak specifically what it previously spoke by implication. The court did so correct its judgment on November 8, 1978.
Defendant presents a third issue of the sufficiency of the evidence to support a finding that plaintiff’s injury arose out of and in the course of his employment. We cannot believe defendant seriously presents this issue in view of the undisputed testimony that plaintiff fell while at work and proceeded immediately thereafter for emergency medical treatment at the hospital. This court on review by certiorari does not consider the weight of the testimony. We look only to determine if there is any evidence to support the finding of fact by the trial court. Bass v. Cowikee Mills, 259 Ala. 391, 67 So.2d 12 (1953).
AFFIRMED.
BRADLEY and HOLMES, JJ., concur.