PER CURIAM.
On original submission of this case, this court held (assuming arguendo that Dr. Meyer was the employer’s agent) that the statements made by Dr. Meyer were not fraudulent nor did they constitute an estop-pel so as to toll the one year statute of limitations. The supreme court reversed and held that a non-fraudulent representation by the employer’s representative which unintentionally misled an employee to delay the filing of a workmen’s compensation claim may toll the limitations period set out in § 25-5-80, Code 1975.
In its opinion the supreme court said: Whether the employer or the carrier, or their representatives were primarily responsible for the delay is a fact question for the factfinder at the trial level. We also hold that the question of whether a person is a representative of the employer or the carrier is essentially one of fact also.
Reviewing the decision of the trial court in the light of the rule established by the supreme court, we note that the trial court found that the employer, as a result of Dr. Meyer’s statements, was responsible for the employee’s failure to timely file his claim. *1152 Pursuant to our well-established rule of review in workmen’s compensation cases, if there is any evidence in the record to support the trial court’s finding of fact, the judgment must be upheld. Ohio Ferro-Alloys Corp. v. Whaley, Ala.Civ.App., 366 So.2d 287 (1979).
For the employer to be held responsible for the employee’s delay in filing his claim, it must be established that Dr. Meyer was the employer’s representative when he made the statements to the employee that lulled the employee into delaying the filing of his claim for benefits.
Implicit in the trial court’s judgment that claimant’s petition was timely filed is the finding that Dr. Meyer was the representative of the employer at the time he made the statements in question to the employee. Such finding is stated to be based on the statutory authority of the employer to select the treating physician and that the physician so selected shall furnish to the employer written reports of his findings and opinions, § 25-5-77, Code 1975, together with the fact that Dr. Meyer did furnish such reports to the employer’s insurance company and that Dr. Meyer told claimant that his inquiry as to his permanent disability could not be answered until the pin was removed.
From these findings and observations the court made the following conclusion:
Youngblood was thus led to believe that there was no point in asserting any claim for permanent disability benefits prior to the time when Dr. Meyer had removed the pin from his leg. Since Dr. Meyer was Youngblood’s treating physician, there can be no question but that Youngblood acted reasonably in waiting until the removal of the pin before making further claim.
It appears to us that the trial court concluded that claimant was led to believe that he should delay the assertion of his claim for permanent disability by the medical opinion of Dr. Meyer given in response to an inquiry from the claimant-patient. Because Dr. Meyer was the treating physician, the court concluded that claimant acted reasonably in delaying his claim for benefits until the pin was removed. But, how can it be said that Dr. Meyer was acting in a representative capacity for Limbaugh when he gave his medical opinion to claimant, who was his patient? The authority of the statute giving the employer the right to select the physician is not an appointment of the physician as the legal representative of the employer. The employer has no direction or control over the physician.
Although the supreme court, in using the word “representative” as it applies to Dr. Meyer did not say it was doing so in the context of agency, we must assume that it was doing so as we are unacquainted with legal representation in any other context. Hence, the applicable rule is that an agent, as a representative of his principal, acts in the place of his principal and must be subject to a right of control. Hunt v. Davis, Ala.Civ.App., 387 So.2d 209 (1980).
The record shows that Dr. Meyer was selected by the employer to treat the employee and that Dr. Meyer made periodic reports to the employer’s insurer regarding Youngblood’s medical condition as provided by statute. There is no evidence in the record tending to show that Limbaugh had any control over Dr. Meyer as regards his medical treatment of Youngblood nor does the record show that Limbaugh had agreed to be liable for the correctness of Dr. Meyer’s treatment of Limbaugh or the medical opinions given concerning him. Clearly, Dr. Meyer was not a company doctor nor subject to its control and direction.
Since Dr. Meyer was not an agent, i.e. “representative,” of Limbaugh when he gave his opinion that Youngblood’s percentage of permanent disability could not be determined until the pin was removed, Limbaugh could not be held to have lulled or induced Youngblood to delay filing his claim for workmen’s compensation benefits beyond the statutory period of one year. Accordingly, for error in applying the law to the facts, the judgment of the trial court is reversed and the cause is remanded for entry of judgment not inconsistent with this opinion.
*1153 REVERSED AND REMANDED WITH INSTRUCTIONS.
All the Judges concur.