BEATTY, Justice.
We granted certiorari for the second time to determine whether the Court of Civil Appeals misapplied our holding upon remand of this workmen’s compensation case. L. W. Limbaugh Mining & Construction Co. v. Youngblood, Ala.Civ.App., 413 So.2d 1151 (1981). The facts are found in Ex parte Jack Youngblood, Ala., 413 So.2d 1146 (1981).
This case concerns an innocent misrepresentation made by a physician who was retained by the employer to treat the employee. The physician’s statements were responsible for the employee’s failure to file a timely claim. We held that the question of whether the physician was a representative of the employer is one of fact. On remand, however, the Court of Civil Appeals reaffirmed its reversal of the trial court, holding as a matter of law that the physician was not a representative of the employer because the employer exercised no “control” over the physician’s medical treatment of the employee. This observation by the Court of Civil Appeals is irrelevant since the record reveals that the physician was selected by the employer to treat the employee and to make periodic reports to the employer’s insurer regarding the employee’s medical condition. These facts alone are sufficient to support the trial court’s conclusion that the physician was a *1154 representative of the employer. The Court of Civil Appeals erred, therefore, in setting aside the trial court’s finding of fact which was clearly supported by the evidence. Rule 52, ARCP.
The judgment of the Court of Civil Appeals is due to be, and is, reversed, and this cause is remanded to that Court for an order not inconsistent with this opinion.
REVERSED AND REMANDED.
MADDOX, FAULKNER, JONES, AL-MON, SHORES, EMBRY and ADAMS, JJ., concur.
TORBERT, C. J., dissents with opinion.