BRADLEY, Judge.
This is a workmen’s compensation case.
The Circuit Court of Montgomery County found that the employee’s claim for workmen’s compensation benefits was barred by the statute of limitations and granted the defendants a judgment on the pleadings. The employee appeals. We reverse.
Frances Lockett was employed by Thermal Components, Inc. (Thermal) on September 17, 1980, March 24, 1981, and September 16, 1981 when she alleges she suffered an on-the-job back injury. Claimant was hospitalized for tests and received workmen’s compensation benefits in October, November, and December 1981. She was released by her physician, Dr. Bostwick, on November 23, 1981 to return to work. Claimant returned to work and was laid off in January 1982. According to his affidavit, on October 18, 1982 Paul J. Lockett, claimant’s husband, got in touch with a representative of Thermal, requesting clearance for medicine for his wife. The representative told Lockett she doubted they would pay for the medicine. From then on the Locketts ran into difficulty. Aetna, Thermal’s workmen’s compensation insurance carrier after March 6, 1981, denied liability since claimant had told them that her claim was for an injury she received on September 17, 1980. CNA, the workmen’s compensation insurance carrier for Thermal up until March 6, 1981, denied liability for the coverage since Dr. Bo- *1353 stwick’s letter indicated that her injury was a new one or an aggravation of a preexisting condition. CNA later denied liability for the injury. Eventually, Aetna told claimant’s husband that they would not pay since the statute of limitations had run.
Claimant filed suit on January 19, 1983, claiming workmen’s compensation benefits based on her alleged September 17, 1980 injury. The trial court conditionally dismissed the complaint, giving claimant fifteen days to amend. Claimant amended her complaint by restating the original count and adding a second count alleging fraudulent representation by Aetna, CNA, and Thermal, and demanding $2,000,000 punitive damages for malicious fraud. The trial court dismissed the fraud allegations but allowed count one, claiming workmen’s compensation benefits, to stand.
On October 11, 1983 claimant filed an amendment to count one, now the only count before the court, to show that the defendant was estopped to raise the statute of limitations as a bar due to defendant’s and its insurance carrier’s fraudulent representations; to allege later injuries on March 24, 1981 and September 16, 1981; and to show that claimant had received workmen’s compensation benefits in October, November, and December 1981. This amendment was not verified. However, there was no need for it to contain a separate verification since it related back to the original complaint. Rule 15(c), Alabama Rules of Civil Procedure.
Aetna was allowed to intervene in the case at this point as a defendant.
A hearing was held on April 4, 1984, after which the trial court granted the defendants’ motion for a judgment on the pleadings, in effect holding that there was not a justiciable factual dispute in the evidence as to whether the one-year statute of limitations had been tolled. From this judgment claimant appeals.
Under the Alabama Workmen’s Compensation Act (the Act), §§ 25T5-1 to -203, -226, -227, -229, and -231, Code 1975, the claimant has one year to file a complaint beginning on the date of the accident, when the parties agree on the amount of compensation payable, or the date of the last payment of compensation. § 25-5-80, Code 1975. Phillips v. Opp & Micolas Cotton Mills, Inc., 445 So.2d 927 (Ala.Civ.App.1984).
The evidence before the court shows that claimant was last paid workmen’s compensation benefits in December 1981. Thus, the statutory period extended at least one year from then. The evidence also shows that claimant’s husband contacted Thermal’s various insurance carriers beginning in October 1982, within the one-year period of limitation. In November 1982 Thermal’s representative made an appointment for claimant with a neurological surgeon, Dr. Jackson L. Bostwick, who operated on claimant on November 11, 1982. In a November 24,1982 letter, CNA’s claims representative informed claimant that they had informed Dr. Bostwick that they were not “going to be responsible for the bills until we can clear up the coverage question.” The clear import of the facts before the court was that the claimant had probably suffered an on-the-job injury in September 1980 and again in September 1981, and that the two insurers were attempting to establish which one was liable for benefits. This indecision was communicated to the claimant. Aetna even requested of claimant’s husband a delay of several weeks so that a decision could be made about paying the claim. Then, on January 3, 1983, Aetna informed plaintiff’s husband that the statute of limitations had run and his wife would not receive any compensation.
The propriety of a judgment on the pleadings requires that the content of all the pleadings, including the answer, must be considered to determine whether there is a justiciable factual dispute. Braggs v. Jim Skinner Ford, Inc., 396 So.2d 1055 (Ala.1981); Rule 12(c), A.R.Civ.P.
As noted above, the pleadings, which had incorporated in them exhibits and affidavits, clearly revealed a factual dispute as to whether the agents of the employer had conducted themselves in such *1354 a manner as to mislead claimant in delaying the filing of her claim until the limitation period had expired. See L.W. Limbaugh Mining & Construction Co. v. Youngblood, 413 So.2d 1151 (Ala.Civ.App.1981), rev’d on other grounds, 413 So.2d 1153 (Ala.1982). This being the posture of the case, the trial court erred in rendering judgment on the pleadings.
REVERSED AND REMANDED.
WRIGHT, P.J., and HOLMES, J., concur.