After an ore tenus proceeding, the trial court found that the employee, Carl Edward Cole, had suffered two work-related injuries while working for his employer, Chrysler Motor Corporation, and was due to be paid workmen's compensation benefits. Specifically, the trial court found that, as a result of an August 12, 1986, accident, the employee sustained a permanent partial disability and had a 29 percent loss in his ability to earn. Additionally, the trial court found that the employee sustained another injury while working for the same employer on February 23, 1987, which resulted in a permanent partial disability and a 33 percent loss of ability to earn.
The trial court found that these injuries were successive injuries and awarded compensation for both injuries pursuant to Ala. Code 1975, § 25-5-57(a)(4)h. The employer appeals.
The employer's first contention on appeal is that the trial court erred in assigning a loss of ability to earn to the August 12, 1986, accident. The employer alleges that the accident did not affect the employee's ability to return to work since no physical restrictions were placed upon the employee as a result of the 1986 accident.
The record, in pertinent part, reveals that, on August 12, 1986, the employee lifted an object and felt pain in his back. Surgery was performed, and the employee was released to return to work on January 2, 1987. During this time, the employer paid all medical expenses as well as temporary total disability benefits.
When the employee returned to work, he was making approximately the same wages as he did prior to the accident. He testified, however, that he could not lift as he used to. Furthermore, a rehabilitation specialist testified that, due to the 1986 accident, the employee had a range of 25 to 30 percent loss of earning capacity. She testified that this was based on numerous things, including the employee's physical impairment rating, his education, employer prejudice, and his loss of access to a large percentage of jobs that he could have done prior to his 1986 injury.
The law is well settled that, where an employee receives the same or higher wages subsequent to a work-related accident, it is presumed that there is no loss of earning capacity. Jim Walter Resources, Inc. v. Hall, 516 So.2d 690
(Ala.Civ.App. 1987). However, it is equally well settled that such a presumption may be rebutted by other evidence showing incapacity or explaining why evidence of higher wages is an unreliable basis for determining capacity. Jim Walter, supra.
Here, the evidence is undisputed that the employee was earning approximately *Page 1042 
the same amount after the 1986 injury as he was prior to the injury. However, we find that the evidence presented at trial rebuts the presumption of no loss of ability to earn raised by the employee's wages. Therefore, we find no error by the trial court in finding that the employee had a 29 percent loss of ability to earn as a result of the August 1986 accident.
Next, the employer argues that the trial court incorrectly applied Ala. Code 1975, § 25-5-57(a)(4)h, and, therefore, erred in awarding compensation for two injuries.
That provision, in part, is as follows:
 "Concurrent Compensation Payments. — If an employee received an injury for which compensation is payable while he is still receiving or entitled to compensation for a previous injury in the same employment, he shall not at the same time be entitled to compensation for both injuries, unless the later injury is a permanent injury, such as specified in this section, but he shall be entitled to compensation for that injury and from the time of that injury which will cover the longest period and the largest amount payable under this article and article 2 of this chapter.
 "If an employee receives a permanent injury as specified in this section, after having sustained another permanent injury in the same employment, he shall be entitled to compensation for both injuries, subject to the provisions of paragraph e of this subdivision, but the total compensation shall be paid by extending the period and not by increasing the amount of weekly compensation, and in no case for permanent partial disability exceeding 700 weeks." (Emphasis added.)
As noted by the trial court, it would appear that the above provision would have no application here because it falls under the subtitle "Permanent Total Disability." Clearly, we are not faced with a problem concerning a permanent totaldisability, but rather two permanent partial disabilities. The trial court stated, as follows:
 "A closer examination of the portion of the statute itself, however, reveals that the statute does, indeed, apply to the present fact situation. First, the last sentence of subdivision (h) specifically mentions 'permanent partial disability' as being the subject matter of the statute. Second, subsection (g), which precedes the applicable statute in question, totally disposes of any case wherein a second injury results in permanent total disability. Finally, the court notes that '[t]he classification and organization of the titles, chapters, articles, divisions, subdivisions and section of [the] Code, and the headings thereto, are made for the purpose of convenient reference and orderly arrangement, and no implication, inference or presumption of a legislative construction shall be drawn therefrom.' Ala. Code
Sec. 1-1-14(a), [emphasis added]."
In view of the above, we find no error in the trial court's award and computation of benefits due the employee. We are satisfied that the trial court's reasoning and its careful application of the law to the facts of this case are correct.
This case is due to be affirmed.
AFFIRMED.
ROBERTSON and RUSSELL, JJ., concur.