This is a workmen's compensation case.
Plaintiff, Larry Nobles, suffered a heart attack while working for his employer, Winn-Dixie, of Montgomery, Inc. After Nobles filed his complaint seeking benefits, Winn-Dixie answered and denied that any benefits were due. *Page 1175 
The case was tried, and the court entered its order awarding Nobles workmen's compensation benefits. Specifically, the court found that Nobles's injury resulted in his having a 35% permanent partial disability. The court later amended its original order to correct clerical errors in its calculations of Nobles's benefits.
Winn-Dixie then moved for a new trial, or, in the alternative, for the court to amend, alter, or vacate its judgment. The court denied Winn-Dixie's motion, and this appeal followed.
As one of its issues on appeal, Winn-Dixie asserts that the trial court erred in not finding a loss of ability to earn. We note, however, that after Winn-Dixie filed its notice of appeal, Nobles filed a Rule 60(a), Ala.R.Civ.P., motion with the trial court, which requested the court to correct its earlier judgment. Specifically, Nobles requested the court to correct its judgment so as to properly reflect that the court had found that Nobles suffered a 35% loss of ability to earn. The court did amend its order, based on the authority ofOhio Ferro-Alloys Corp. v. Whaley, 366 So.2d 287
(Ala.Civ.App. 1979).
In Whaley, this court found that the trial court, in a similar fact situation, was empowered to clarify its judgment pursuant to Rule 60(a) and upheld the trial court's amendment of its order. Likewise, we hold that the trial court's amendment of its order in this case, to include the finding of loss of ability to earn, was proper.
In view of the above, the only issue remaining for this court's consideration is whether the trial court's award of permanent partial disability benefits is supported by the evidence. Winn-Dixie contends that because Nobles's post-injury wages equal his pre-injury wages for the same job, Nobles is not entitled to benefits.
It is an established rule of law that in situations where an employee's wages following a work-related accident are the same or higher than his pre-injury wages, a presumption will arise that no loss of earning capacity has occurred. Chrysler MotorCorp. v. Cole, 563 So.2d 1040 (Ala.Civ.App. 1990). This presumption may be rebutted, however, by other evidence which demonstrates incapacity or which explains why the higher wages are an unreliable basis for determining the employee's earning capacity. Chrysler.
Here, the evidence reflects that the employee is still driving a truck for Winn-Dixie for substantially the same wages. However, we reiterate that the workmen's compensation statute does not set forth a comparative wages test as the mechanism for determining the employee's ability to earn.Goodyear Tire Rubber Co. v. Downey, 266 Ala. 344,96 So.2d 278 (1957).
The record evidence indicates that although Nobles is still performing his same duties, he does so with pain and in violation of his doctor's instructions. Further, Nobles testified that he has attempted to secure other similar employment, but that upon informing potential employers of his heart attack he has been denied employment.
We find that this evidence rebuts the presumption of no loss of ability to earn. Consequently, the judgment of the trial court is due to be affirmed.
AFFIRMED.
INGRAM, P.J., and RUSSELL, J., concur.