ROBERTSON, Presiding Judge.
On September 9, 1987, employee Nellie Sallas suffered an alleged on-the-job injury while performing her duties for her employer. The employee then allegedly suffered a second on-the-job injury on October 30, 1987.
On March 18, 1988, the employee filed her complaint, requesting workmen’s compensation benefits from her employer. A hearing was then held on October 24, 1989, at which time the trial court was presented ore tenus evidence.
Following the hearing, the trial court found that the employee suffered a severe back injury due to an accident arising out of and in the course of her employment. The court also acknowledged that although the employee had returned to work after her injury for a period of time, that her post-injury earnings were an unreliable basis for determining her earning capacity. Further, the court found that the employee suffered “a one hundred percent permanent total disability as a direct and proximate result of her injury which permanently precludes her from performing her trade or from obtaining reasonably gainful employment.”
Pursuant to these findings, the trial court ordered that the employee was entitled to receive permanent total disability benefits from the employer. Additionally, *1153 the trial court ordered that the employee’s attorneys receive a fee in a sum equaling fifteen percent of the accrued and due benefits and another fee in a sum equaling fifteen percent of future benefits on a lump sum commuted basis.
The employer appeals, asserting that the employee failed to rebut the presumption that she had not sustained a loss of earning capacity, because the employee’s post-injury wages were near to and, at times, exceeded her pre-injury wages; that no reasonable view of the evidence could support the trial court’s finding that the employee was one hundred percent permanently and totally disabled and unable to secure reasonably gainful employment; and, that the trial court erred in not reducing the present value of weekly compensation benefits due to the employee by the amount of the lump sum attorney fee.
In the recent case of Ex parte Eastwood Foods Inc., 575 So.2d 91 (Ala.1991), our supreme court clarified the standard of review in workmen’s compensation cases:
“The standard of appellate review in workmen’s compensation cases is a two-step process. Initially, the reviewing court will look to see if there is any legal evidence to support the trial court’s findings. If legal evidence is found, then the reviewing court determines whether any reasonable view of that evidence supports the trial court’s judgment.”
Concerning the employee’s earnings before and after her injury, “the workmen’s compensation statute does not set forth a comparative wages test as the mechanism for determining the employee’s ability to earn.” Winn-Dixie of Montgomery, Inc. v. Nobles, 571 So.2d 1174 (Ala.Civ.App.1990) (citation omitted). Instead, the settled law is that if an employee’s post-injury wages are the same or higher than his pre-injury wages, a presumption arises that no loss of earning capacity has occurred. Winn-Dixie. However, this presumption may be rebutted by evidence that supports a finding of incapacity or that explains why the higher wages are unreliable for purposes of calculating the employee’s earning capacity. Winn-Dixie.
The trial court specifically found in its order that the employee’s post-injury wages were an unreliable basis for determining her earning capacity because: the employee worked for only two months, during which time she was in constant pain which required repeated periods of rest; the employee was restricted to only light duty; the post-injury earnings were the result of sympathy felt for the employee; and, the employee’s post-injury wages were temporary, and her only reason for returning to light duty work was because she was so advised by the company’s physician.
We have examined the record in this case and find that there is legal evidence to support the trial court’s findings concerning the unreliability of the employee's post-injury wages for purposes of calculating her ability to earn. Approximately two months after her injury, the employee returned to work. However, she was in extreme pain during this time. In order for her to remain at work, she received injections in her back for the pain, and, on some occasions, the employee had to rest during her work duties as a result of the pain. We find that a reasonable view of this evidence would support the trial court’s conclusion that the employee’s post-injury wages were an unreliable mechanism for determining her earning capacity due to the amount of pain she was experiencing while earning those wages. The employer next asserts that a reasonable view of the evidence does not support the trial court’s conclusion that the employee is permanently and totally disabled from performing the work of her trade and that she is totally and permanently disabled and therefore cannot secure reasonably gainful employment.
Pursuant to § 25-5-57(a)(4)d., Code 1975, total disability is defined as “any physical injury ... resulting from an accident, which injury or impairment permanently and totally incapacitates the employee from working at and being retrained for gainful employment.” However, this Code section does not require that the employee be rendered completely helpless or totally physically disabled; instead, it requires *1154 that the employee be unable to perform her job or unable to secure reasonably gainful employment. Boyd Brothers Transportation, Inc. v. Asmus, 540 So.2d 757 (Ala.Civ.App.1988).
Here, evidence was presented that the employee could not lift more than five pounds and that she is in constant pain. One doctor testified that the employee was totally impaired from work. Additionally, that doctor restricted the time she could sit, stand, or walk continuously to periods of fifteen to thirty minutes. We note that the employee returned to work approximately two months after her injury. However, the employee’s own testimony was that during that time she was in constant pain and often had to stop work because the pain was so extreme. A reasonable view of this legal evidence supports the trial court’s determination that the employee cannot perform her job.
We now examine whether the employee is unable to secure reasonably gainful employment. The employee in this case is forty-seven years old with a seventh grade education. All of her previous jobs involved heavy manual labor. She experiences continuing pain that is extreme, and she is severely limited not only in the kinds of activity she can engage in, but also in the amount of continuous activity she can engage in without resting. One doctor specifically testified that he knows of no job that the employee could perform. Again, a reasonable view of this evidence would support the court’s determination that the employee cannot be retrained for gainful employment.
Finally, the employer asserts that the trial court incorrectly applied the formula found in Ex parte St. Regis Corp., 535 So.2d 160 (Ala.1988). The employer maintains that the trial court correctly calculated the lump sum attorney fee and the amount owing to the employee in weekly future benefits. However, the employer asserts that error occurred when, in spite of its calculations, the trial court ordered the employer to pay the maximum benefits rather than the amount calculated after reduction of the attorney’s fees. Employee, in her brief, agrees with the employer that the benefits owed her should be $281.35 per week, not $331.
“Once the present value of the compensation awarded has been reduced by the amount of the attorney fee, this reduced amount is then used to calculate, at the 6 percent annual discount rate, the amount of weekly benefits the employee is entitled to during the period of his life expectancy.”
St. Regis at 162.
The judgment of the trial court is due to be reversed with regard to the amount of the employee’s future weekly benefits and remanded with directions to enter an award in accordance with this opinion. The trial court’s judgment as to all other issues is affirmed.
AFFIRMED IN PART; REVERSED IN PART AND REMANDED WITH DIRECTIONS.
RUSSELL and THIGPEN, JJ., concur.