YATES, Judge.
Claude E. Hughes (employee) filed a complaint against Ogden Martin Systems of Huntsville, Inc., a division of Ogden Allied Eastern States Maintenance Corporation (employer), in this workers’ compensation action. He alleged that he sustained injuries “while working for and carrying out his duties with [the] employer” and requested compensation and medical expenses for temporary total disability and for permanent *308 partial disability. The tidal court found that the employee had “suffered a permanent partial disability or loss of earning capacity in the amount of 20% as a direct result of the ... on-the-job injury.” The employer appeals. We affirm.
The two-step standard of review in workers’ compensation eases requires that we look to see if there is any legal evidence that supports the trial court’s judgment and, if such evidence is found, that we determine whether any reasonable view of the evidence supports the judgment. Ex parte Eastwood Foods, Inc., 575 So.2d 91 (Ala.1991).
The record reveals that the employee began working for the employer as a maintenance mechanic in January 1990. He was injured on the job while lifting a pump that he was trying to install. He subsequently underwent surgery on his back and six weeks later was released to return to light duty work.
The employee testified that he cannot perform the same level of work as prior to the accident and that he has problems with bending, stooping, leaning over, lifting, or crawling into small holes. He has pain for which he takes Advil every day. Although he stated that he earns $1.55 per hour more than he did at the time of the accident, the employee claims that he would not be able to work if the employer did not accommodate him and that he is receiving very low evaluations and could be fired at any time. He now performs mostly preventive maintenance work and has to ask for help on big jobs.
Two vocational reports were submitted to the trial court. One report indicated that the employee has a thirty percent loss of earning capacity and the other report indicated a one to twenty-two percent loss of earning capacity.
The employer contends that, because the employee has not had any actual loss of earnings, the employee is presumed to have no loss of earning capacity and, therefore, is not entitled to recover workers’ compensation benefits. The employee responds by saying that the presumption is rebuttable and that it was conclusively rebutted by un-eontested evidence presented at the hearing.
Where the same or higher wages are received subsequent to a work-related accident, the employee is presumed to have no loss of earning capacity. Chrysler Motor Corp. v. Cole, 563 So.2d 1040 (Ala.Civ.App.1990); Jim Walter Resources, Inc. v. Hall, 516 So.2d 690 (Ala.Civ.App.1987). However, the presumption may be rebutted by evidence showing incapacity or explaining why the evidence of higher wages is an unreliable basis for determining capacity. Chrylser; Jim Walter. In addition, unreliability of post-injury earnings may be attributed to numerous factors, including an increase in general wage levels since the accident, the employee’s greater maturity or training, longer hours worked by the employee after the accident, wages paid out of sympathy to the employee that are disproportionate to capacity, and the temporary and unpredictable character of post-injury earnings. Jim Walter.
Here, the evidence was undisputed that the employee was earning more after the accident than he was prior to the accident. However, evidence was presented, including the employee’s testimony and the reports of two vocational experts, that rebuts the presumption based on his higher wages that no loss of ability to earn has occurred. We hold that there is legal evidence to support the trial court’s findings and that a reasonable view of that evidence supports the trial court’s judgment. Eastwood Foods, 575 So.2d 91.
The judgment is due to be affirmed.
AFFIRMED.
ROBERTSON, P.J., and THIGPEN, J., concur.