ROBERTSON, Presiding Judge.
Barry Van Winkle was employed as a diesel mechanic by Muscle Shoals Mack Sales, Inc. (Mack).
Van Winkle filed a complaint for workmen’s compensation benefits based on injuries to his arm and to his ankle, which he claims he suffered in the course of his employment. Following an ore tenus proceeding, the trial court found, inter alia, that Van Winkle’s arm injury had arisen out of and in the course of his employment at Mack; that Van Winkle’s ankle injury did not arise out of and in the course of his employment; that immediately before his injury, Van Winkle’s average weekly wage was $247.42; that at the time of trial, Van Winkle was earning an income greater than that which he was receiving at the time of his injury; and that *906 Van Winkle suffered a two-percent loss of earning capacity. The trial court awarded compensation benefits for his permanent partial disability and also ordered Mack to pay for all future reasonable, necessary, and authorized medical treatment rendered to Van Winkle for his arm injury. Mack was not held responsible for any medical expenses arising from the treatment of Van Winkle’s ankle injury.
Van Winkle appeals, contending that the trial court erred in finding that his ankle injury did not arise out of and in the course of his employment and in finding that he suffered only a two-percent loss of earning capacity. Van Winkle further contends that the judgment of the trial court was contrary to the facts.
The standard of appellate review in workmen’s compensation cases is a two-step process. This court must first determine whether there exists any legal evidence to support the trial court’s findings. If such evidence is found, then we must determine whether any reasonable view of that evidence supports the judgment of the trial court. Ex parte Eastwood Foods, 575 So.2d 91 (Ala.1991).
We first examine the evidence before the trial court regarding Van Winkle’s ankle injury. The record reflects that on June 26, 1991, while helping grease a diesel truck at Mack, the cab of the truck fell on Van Winkle, injuring his left arm. Another Mack employee, James Rickard, drove Van Winkle to the Med Plus Clinic, where he was examined and treated. X-rays of Van Winkle’s left arm were taken. Following the examination, Med Plus personnel referred Van Winkle to Dr. Marc Michaud.
Dr. Michaud interviewed Van Winkle regarding his injury and noted in the medical record that Van Winkle had injured his arm at Mack. The medical record indicates that during the initial medical examination, Van Winkle did not tell Dr. Michaud that he had also injured his ankle. Also, Lee Watkins, one of Van Winkle’s co-workers, testified that Van Winkle told him before the accident that he had injured his ankle while riding a three-wheeler. Rickard testified that while he was driving Van Winkle to the clinic and to see Dr. Michaud, he did not hear Van Winkle mention an injury to his ankle. Clearly, there was legal evidence to support the trial court’s finding that Van Winkle’s ankle injury did not arise out of and in the course of his employment.
We now determine if there was any legal evidence to support the trial court’s finding that Van Winkle suffered only a two-percent loss of earning capacity.
The parties agreed and stipulated that Van Winkle’s average weekly wage at Mack was $247.42. Van Winkle testified that, at the time of trial, he was earning seven dollars per hour. Where an employee’s wages following a work-related accident are the same as or higher than the employee’s pre-injury wages, a presumption arises that no loss of earning capacity has occurred. Winn-Dixie, Inc. v. Nobles, 571 So.2d 1174 (Ala.Civ.App.1990). However, this presumption may be rebutted by independent evidence that demonstrates incapacity or that explains why the post-injury earnings are an unreliable basis for determining the employee’s earning capacity. Winn-Dixie.
Dr. James E. Crowder, a clinical psychologist and vocational expert, testified that Van Winkle would no longer be able to pursue employment as a diesel mechanic because of his arm injury and that he had a 40-45% general disability rating. Diane Jackson, a rehabilitation counselor, however, testified that Van Winkle suffered no loss of earning capacity. She based her conclusion on Van Winkle’s age, intelligence, health, verbal skills, and the fact that he did not suffer an injury to his dominant arm. We find that there was legal evidence to support the trial court’s finding as to Van Winkle’s disability rating.
After a careful review of the record, we determine that a reasonable view of the evidence supports the trial court’s judgment, and we hold that the judgment of the trial court is not contrary to the facts in this case.
The judgment of the trial court is affirmed.
AFFIRMED.
THIGPEN and YATES, JJ., concur.